## B. F. JAMES v. T. K. STERRETT.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF CHESTER COUNTY.

Argued February 11, 1890—Decided October 27, 1890.
[To be reported.]

1. When a declaration in trespass charged simply that the defendant maintained a dam " higher than it ought to be," thereby causing water to overflow the plaintiff's land, and the only plea was not guilty, neither the pleadings, the verdict awarding to the plaintiff nominal damages, nor the judgment thereon, defined the lawful height to which the defendant might maintain the dam.

2. Such judgment was conclusive only that the dam was maintained above the lawful height; and, as the slightest excess over that height would have entitled the plaintiff to a verdict, the defendant, when sued for a continuance of the nuisance after the judgment, might show that he had made a reduction in the height, and evidence of such reduction, however slight, raised a question of fact as to its sufficiency.

3. When, in the second action, the parties submitted to arbitrators the question whether the defendant, after the former verdict " sufficiently reduced " the height of his dam, their award to be without appeal, and the arbitrators awarded that sufficient reduction had been made, the court could not set aside the award upon the sole ground that, in the opinion of the judge, there had been no substantial reduction made.

4. When there is no suggestion that arbitrators misbehaved, or that their award was procured by corruption or other undue means, and no plain mistake of fact or law appears on the face of the award or by extrinsic evidence, the award being strictly responsive to the submission, the court may not reject the finding of the arbitrators on the question sub-mitted, because not according with its own.

Statement of Facts.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, MC-
COLLUM and MITCHELL, JJ.

No. 51 January Term 1890, Sup. Ct.; court below, No. 19
October Term 1886, C. P.

On August 25, 1886, Benjamin F. James brought case against
Thomas K. Sterrett to recover damages for the alleged continu-
ance of a nuisance to the lands of the plaintiff, after the re-
covery of a judgment against the defendant therefor in a prior
action.

In the former action, which was brought on September 24,
1883, to No. 41 October Term 1883, in the court below, the
declaration of the plaintiff, James, charged that the defendant,
Sterrett, " has erected and maintained and still doth maintain
a certain dam or causeway across said stream, below the land
of the said plaintiff, higher than it ought to be, and by reason
thereof has caused and still causes the water of said stream to
overflow and drown the land of the said plaintiff." To said
declaration the defendant pleaded not guilty, and on Novem-
ber 20, 1884, a verdict was rendered in favor of the plaintiff
for the sum of $1 damages and six cents costs. Judgment
was entered on the verdict on April 13, 1885.

The declaration in the present case recited the former action,
the judgment therein rendered, and charged that the defend-
ant, " disregarding the judgment aforesaid, . . . . . has con-
tinued and maintained, and still doth maintain said dam and
causeway across said stream, as it was heretofore erected and
maintained by him, . . . . . higher than it ought to be," etc.
The defendant pleaded not guilty.

On May 5, 1887, an agreement between the plaintiff and the
defendant was put on file, which was as follows:

" It is hereby agreed that the above case be referred to the
final arbitrament and determination, without right of either
party to appeal, of W. P. Marshall, Walter A. McDonald and
John F. Kauffman, or any two of them agreeing, who shall view
the premises in controversy, hear the parties, their allegations
and proofs, and .determine whether the defendant has reduced
the height of his dam, since the verdict rendered in case No. 41
October Term 1883, and if so, whether the same has been suf-
ficiently reduced, and if not, fix and determine how much the

Statement of Facts.

same shall be reduced, and shall also fix and determine the
height to which the defendant shall be entitled to maintain his
dam, and mark by fixed and permanent marks in the ground
this height, which marks shall be particularly described in their
award; and it is further agreed, that if said arbitrators, or any
two of them agreeing, shall determine that the defendant has
not reduced his dam since the verdict aforesaid, or has not suf-
ficiently reduced the same, then they shall find and determine
what damages, if any, have been sustained by the plaintiff, by
reason of the failure of the defendant so to do. . . . .

"It is further agreed that judgment shall be entered, by the
prothonotary, in the Court of Common Pleas upon the award
of the arbitrators. . . . ."

In pursuance of the foregoing submission, the arbitrators on
August 29, 1887, filed an award, finding that "the said defend-
ant has sufficiently reduced the height of his dam since the ver-
dict rendered in this case, B. F. James v. Thos. K. Sterrett, No.
41 October Term 1883, and we do therefore find in the present
suit that the plaintiff has no cause of action, and we do award
in favor of the defendant." The award then proceeded to fix
by permanent marks the height at which the dam should there-
after be maintained by the defendant.

To the award of the arbitrators the plaintiff filed exceptions,
in part as follows:

1. The award was not in pursuance of the submission, in
that; . . . . . (c) The submission reserved to the plaintiff the
right to have a substantial reduction in the height of the dam,
as it stood at the time of the verdict. Whereas the award
does not require such reduction, and there was no evidence
whatever that any had taken place since the verdict.[1]

2. The arbitrators acted improperly: (a) In refusing to ac-
cord the plaintiff the benefit of the former verdict as reserved
by the terms of the submission.[2] (b) In finding that the de-
fendant has sufficiently reduced his dam since the verdict ren-
dered in the case B. F. James v. Thomas K. Sterrett, No. 41
October Term 1883, when there was no evidence that any sub-
stantial reduction had taken place, and the defendant's testi-
mony that he had only chipped a small fraction of an inch from
one narrow stone, was an admission that he had not reduced
the dam, and intended only to evade the verdict.[3] (c) In

finding, without evidence and against the evidence, that the defendant has sufficiently reduced the height of his dam since the former verdict, and in fixing the limit for the average height of the tumble higher than the tumble as it now exists, and was at the time of the verdict.[4]

Testimony having been taken and argument heard on the exceptions, on January 30, 1888, the court, FUTHEY, P. J., filed an opinion in part as follows:

Exceptions have been filed to this award by the plaintiff, alleging in substance that the submission reserved to the plaintiff the right to have a substantial reduction in the height of the dam as it stood at the time of the verdict in the former suit; that the award does not require such reduction; that there was no evidence whatever that any reduction or substantial reduction had taken place since the verdict; that the arbitrators refused to accord to the plaintiff the benefit of the former verdict, as reserved by the terms of the submission, that the finding was without evidence, and against evidence, and the arbitrators have also fixed a height for the tumble or overflow higher than it was at the time of said verdict.

There is no doubt of the right of the court to hear the matters complained of. The parties waived the right of appeal, but they did not waive the right of exception to the award; and if the arbitrators have made a plain mistake, either in matter of fact or of law, it is a proper subject of inquiry and determination: Large v. Passmore, 5 S. & R. 51; Walls v. Wilson, 28 Pa. 514; McCahan v. Reamey, 33 Pa. 535; Hains v. Moyer, 1 Woodw. 171; Speer v. Bidwell, 44 Pa. 23. To justify the interference of the court, the mistake must be a plain one. Where it appears that witnesses have been heard, and a fact decided by the referees, the court will usually inquire no further; but, where from the testimony a manifest error has been committed by the referees in their finding, it is the duty of the court to determine the matter according to right, whether the mistake be one of fact or of law. Where a case is referred under the compulsory arbitration law, it is different. There by the express terms of the act the court can only set aside an award for misbehavior of the arbitrators or that the award was procured by corruption. The remedy for mistake of fact or

Opinion of Court below.

law is by appeal: Walls v. Wilson, supra; Bemus v. Clark, 29 Pa. 251; Wynn v. Bellas, 34 Pa. 160. But in the case of other awards made under voluntary submissions in pending actions exceptions may be taken for plain mistakes of the arbitrators as well as for misbehavior or corruption: Speer v. Bidwell, supra; Walls v. Wilson, supra.

The effect of the verdict in the first case was to determine that the dam of the defendant must be reduced in height. The submission in the present case expressly reserved to the plaintiff the benefit of this verdict, by providing that the arbitrators must first find whether the defendant has reduced his dam since the verdict, and if so whether it has been sufficiently reduced, and if not, then to fix and determine the plaintiff's damages. On the hearing of the exceptions to the award, it was agreed that the only proof before the arbitrators of any reduction in the height of the breast of defendant's dam after the verdict was that defendant had chipped off from one eighth to one fourth of an inch from the top of one stone in the dam-breast, which stone was about nine inches in width, and was one of the stones in the top layer of stones on the dam-breast. On the same hearing, the defendant was called and testified that this stone was about the centre of the dish in about the lowest point of the dam-breast, that the chipping done would not run the width of nine inches, that the stone was abrupt on the edges or was not square across, and that he made it level on top. One of the arbitrators testified that there was a reduction to the extent of the chipping referred to, and that their attention was called to the stone; some one said, "there is the stone." He says he made a calculation as a matter of curiosity, and found that it would reduce the dam about one six-thousandth part of an inch. On this testimony, the arbitrators found that the dam-breast had been sufficiently reduced, and that the defendant was entitled to their award.

In this we think there was such manifest error as calls upon the court to set aside the award. It is palpable that the so-called reduction was merely a feint upon the part of the defendant, to evade the effect of the verdict and to enable him to have the case tried again upon its original merits and as though no trial had been had. This, of course, he could not have done. Such infinitesimal change is no reduction whatever within the

Opinion of Court below.

intent of the parties and the judgment of the court. No such fanciful matter' was the subject of controversy. The reduction which the law contemplates in such case is a practical reduction, not a reduction which is senseless and unmeaning. It would seem that the defendant produced testimony before the arbitrators which he had not in court on the former trial, to satisfy them that he ought not to be required to reduce the height of the dam. The arbitrator, examined on the hearing of the rule, in answer to the question whether his judgment was that the dam ought not to have been required to be reduced in height, said "I am not making any comment, but if I were to answer that question I might say that we heard testimony that was not before the other jury;" and, in speaking of the dam being lowered one six-thousandth part of an inch, he added, "but that would have been ample if only one twelve-thousandth was required."

Whether the verdict was right or wrong does not now matter. It determined that the dam-breast was too high and must be reduced; and we must take that as settled, and the right of the plaintiff to require such reduction was recognized in the order to the arbitrators. To what extent it should be reduced, the verdict of course does not determine, but that it should be more than the pretence of reduction which was made in this case is clear. The arbitrator examined said: "After hearing the evidence, we went there a second time with our minds made up that a very slight reduction was all that was necessary," and that they then established a lower line for the height of the dam than existed at the time of the verdict. If the dam needed this reduction, although even a slight one, the plaintiff was entitled to the award. With reference to the action of the arbitrators in fixing the height of the tumble or overflow, we need only say that the award must be taken as a whole, and stand or fall together.

We find that the arbitrators made a plain mistake; their award was not in accordance with the submission and the undisputed and admitted facts of the case, and must be set aside. We regret to do this, as we hoped this reference to the intelligent and experienced gentlemen selected, would have definitely settled the rights of these parties and put an end to this litigation, but we cannot, for the reason given, sustain their award. The rule is made absolute and the award set aside.

Arguments.

The case was then placed upon the trial list, and on May 13, 1889, a trial was had before BUTLER, J. On the trial, bills of exception were sealed for the defendant, raising questions as to the effect of the award of the arbitrators, and as to the right of the plaintiff to recover exemplary damages. The jury returned a verdict for the plaintiff for $700, and judgment having been entered, the defendant took this appeal, specifying, inter alia, that the court erred:

1–4. In sustaining the exceptions to the award filed.[1 to 4]

*Mr. R. E. Monaghan* and *Mr. R. Jones Monaghan* (with them *Mr. Archibald M. Holding* and *Mr. J. F. E. Hause*), for the appellant:

1. The former verdict and judgment did not determine the extent to which the height of the dam should be reduced. The record of a former verdict and judgment are conclusive of those facts only which were essential to the finding: Packet Co. v. Sickles, 5 Wall. 592; Coleman's App., 62 Pa. 272; Tams v. Lewis, 42 Pa. 410; Burlen v. Shannon, 99 Mass. 200; Lea v. Lea, 99 Mass. 493; Eastman v. Symonds, 108 Mass. 569; Stapleton v. Dee, 132 Mass. 279; Cavanaugh v. Buehler, 120 Pa. 457. It must be shown with certainty, and not merely by inference or argument, that the precise point was actually determined: 1 Herman on Res Judicata, § 252; Martin v. Gernandt, 19 Pa. 127; Hibshman v. Dulleban, 4 W. 183; Wadsworth v. Cornell, 104 Ill. 369.

2. When the record of the former suit does not show that the point in controversy has been necessarily determined therein, but it may have been, the burden lies on the party invoking the estoppel, to show an actual determination: Davis v. Talcott, 14 Barb. 611; Cummings v. Colgrove, 25 Pa. 151; Russell v. Place, 4 Otto 606; Zoeller v. Riley, 100 N. Y. 102 (53 Am. Rep. 157); Remington Paper Co. v. Dougherty, 81 N. Y. 474. The slightest excess of height was all that was necessary to sustain the former verdict in the present instance: 1 Addison on Torts, §§ 375, 376. All that was determined was that the dam was too high at that time. The question raised by the pleadings in this action was, whether since the former verdict, a "sufficient" reduction had been made. That question was referred to the final arbitrament of three persons,

Arguments.

without right of appeal to either party, and was explicitly decided by them in their award.

3. The award is final and conclusive upon that question, and it was error for the court to set it aside: Hartupee v. Pittsburgh, 97 Pa. 119; Monongahela Nav. Co. v. Fenlon, 4 W. & S. 205; Reynolds v. Caldwell, 51 Pa. 306; Hostetter v. Pittsburgh, 107 Pa. 432. The court set the award aside because Sterrett had not "substantially" reduced the height of his dam. But the question submitted to the arbitrators was not whether there had been a substantial, but whether there had been a sufficient reduction. Sterrett would never have consented to an agreement of reference implying that there must be a considerable reduction. At the time the agreement was signed, he was contesting the case on the ground that the reduction made was sufficient. And the court erred in assuming that the judgment in the first action necessarily required a substantial reduction. Whether the reduction made was sufficient, was a question of fact for the arbitrators, and not, under any circumstances, a question for the court.

*Mr. R. T. Cornwell* and *Mr. Alfred P. Reid*, for the appellee:

1. The issue in the first action was whether Sterrett had a right to back water upon the land of James. Such backing of water was the essential matter and wrongful act complained of. The averment that it was by reason of Sterrett's dam being too high, was not essential to the action: Chitty on Pleading, § 391; Keller v. Stoltz, 71 Pa. 356; Wells on Res Judicata, § 228. The declaration, by its terms and of necessity, was a complaint that every particle of water flooded back beyond the plaintiff's line, was flooded wrongfully, and issue was joined on this complaint. Upon the issue so joined, the verdict and judgment rendered are conclusive: Wells on Res Judicata, § 200; Freeman on Judgments, § 257, 272; 1 Chitty on Pleading, 158. They settled absolutely and conclusively that Sterrett had no right to dam the stream back upon any part of the plaintiff's land: Rockwell v. Langley, 19 Pa. 502; Kilheffer v. Herr, 17 S. & R. 319; Long v. Long, 5 W. 102; Hibshman v. Dulleban, 4 W. 183; Fell v. Bennett, 110 Pa. 181; Ellis v. Academy of Music, 120 Pa. 608.

2. Such being the effect of the former verdict and judgment,

the award was manifestly erroneous in finding that the dam-breast had been sufficiently reduced, in the face of the fact that the plaintiff's land was still overflowed to the same extent as before, and no change had been made in the dam-breast, except a slight chipping of one stone that did not reduce the level of the water more than one six-thousandth part of an inch.   The opinion of the court below abundantly justified the setting aside of the award.   The agreement of reference contemplated a reduction of the dam in accordance with the prior verdict, to an extent sufficient to give James the right determined in his favor thereby.   No re-trial was contemplated or permissible.   The plain duty of the arbitrators was to ascertain what the former trial settled, and determine whether Sterrett had conformed to it.   This duty they disregarded, and justice required that their award be set aside.   As the court below said, this so-called reduction was a mere feint to evade the effect of the verdict and obtain a re-trial.

OPINION, MR. JUSTICE MCCOLLUM:

In the former action it was determined that the defendant's dam was "higher than it ought to be," and the plaintiff recovered nominal damages.   The right of the defendant to maintain a dam at the point in question was not disputed, and the contest related exclusively to its height.   It was not essential to the plaintiff's recovery that he should prove that all the water backed upon his land by the defendant's dam was unlawfully there, nor a valid defence to the action to show that the defendant had acquired, by grant or user, the right to maintain a dam which would back a considerable portion of it there.   The wrong complained of was the maintenance of the dam "higher than it ought to be," that is, above its lawful height, and the flowing thereby of the plaintiff's land; but this height was not defined by the pleadings, or by the verdict.   Under the pleadings the plaintiff could not recover for any flooding of his land by the dam, as the defendant had the right to maintain it, but for any flowage caused by an unlawful raising of the dam, he was entitled to the verdict he secured.   Any raising of the dam above its lawful height which increased the flow of water on the plaintiff's land was sufficient to authorize the former judgment, and that, upon its face, is conclusive only of such matters

as were essential to its recovery, and were necessarily included· in it: Packet Co. v. Sickles, 5 Wall. 592; Coleman's App., 62 Pa. 272; Tams v. Lewis, 42 Pa. 410; Cummings v. Colgrove,· 25 Pa. 151.

It was established by the verdict and judgment in the former suit that the defendant's dam, as then maintained, was "higher than it ought to be," and by reason thereof increased the flow of water upon the plaintiff's land. In an action for the continuance of the nuisance, that record was sufficient and unanswerable proof of these facts. But a reduction of the dam to its lawful height, before the second suit was brought, would prevent a recovery in it. As a slight raising of the dam above its lawful height would sustain the first action, a corresponding reduction of it would defeat the second.

The parties to this action agreed that the questions for determination in it were, whether the defendant had reduced the height of the dam since the former suit, and, if so, whether he had sufficiently reduced it; and they committed these to the final arbitrament of three persons mutually chosen by them. The tribunal thus constituted was necessarily charged with the duty of ascertaining the proper height of the dam, and it was required by the agreement which created it to designate the same by appropriate and permanent marks. In this way the parties to a profitless contention wisely resolved to end it. The arbitrators viewed the premises, and the parties appeared before them with their proofs, and were fully heard. An award was made strictly responsive to the submission, finding that the defendant had sufficiently reduced the dam, and marking its lawful height. The award upon exceptions filed to it was set aside upon the sole ground that, in the opinion of. the learned judge of the court below, there had not been a substantial reduction of the dam. Whilst he conceded that it was not determined by the verdict in the first suit to what extent the dam should be reduced, or what its lawful height was, he assumed that it was his province to reject the judgment of the arbitrators upon this question, if it did not accord with his own. There was no plain mistake of fact or law on the face of the award, or shown by extrinsic evidence. There was no suggestion that the arbitrators misbehaved themselves in·the case, or that the award was procured by corruption or other

undue means.    The matters for which the court may set aside
.an award are enumerated in the statute.    Its power is depend-
.ent on their existence, and if none of them is found the award
must stand.    The interest of the parties in it cannot be arbi-
trarily destroyed.    We think the action of the court below in
setting aside the award in this case was unauthorized by the
statute, and therefore in excess of its power.    The sufficiency
of an undisputed reduction of the dam was not a question of
law, but of fact.    If it brought the dam to its lawful height, it
was sufficient.    A reduction, however slight, which accom-
plished this, was all that was required by the former verdict.
The fundamental error in the case lies in the assumption by
the court of a power which belonged exclusively to the arbitra-
tors or the jury.

> The judgment and the order setting aside the
> award are reversed, and judgment is now en-
> tered upon the award in favor of the defendant,
> and against the plaintiff, for costs.