## Ehrhart, Appellant, *v.* Esbenshade.

*Set-off—Judgment against judgment—Contract—Tort—Equity.*

1. The power to set off one judgment against another is purely equitable, and should be exercised upon equitable principles.

2. While ordinarily a judgment in contract will not be set off against one in tort, yet such set-off will be allowed where no injustice will be done to either party, and especially in a case where both judgments grow out of a relationship of landlord and tenant between the parties.

Argued Nov. 14, 1912. Appeal, No. 62, Oct. T., 1912, by plaintiff, from order of C. P. Lancaster Co., Jan. T., 1909, No. 40, setting off one judgment against another in case of Alexander Ehrhart v. Christian B. Esbenshade. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Rule to set off one judgment against another. Before HASSLER, J.

From the record it appeared that the application was

to set off a judgment in assumpsit of Christian B. Esbenshade v. Alexander Ehrhart in C. P. Lancaster County, August Term, 1910, No. 80, against the judgment in tort of Alexander Ehrhart v. Christian B. Esbenshade in C. P. Lancaster County, Jan. Term, 1909, No. 40. The amount of the judgment in tort with interest and costs to the time of filing the petition was $2,859.69. The judgment in assumpsit with interest and costs to the time of filing the petition was $1,113.20. The two judgments grew out of the relationship of landlord and tenant between the parties. The circumstances under which the judgments were obtained are stated in the opinion of the Superior Court.

*Error assigned* was order making absolute the rule to set off one judgment against the other.

*C. E. Montgomery*, for appellant.—The set-off of one judgment against another is not a legal right even under the defalcation act: Leitz v. Hohman, 207 Pa. 289.

A judgment in assumpsit cannot be set-off against a judgment in tort: Reed v. Smith, 158 Fed. Repr. 889.

*W. U. Hensel*, for appellee.—The court did not abuse its discretion in permitting the set-off: Leitz v. Hohman, 207 Pa. 289; Ramsey's App., 2 Watts, 228; Reed v. Smith, 158 Fed. Repr. 889.

The absence of willful injury in the tort is the touchstone of the right of set-off: Reed v. Smith, 158 Fed. Repr. 889.

OPINION BY ORLADY, J., March 6, 1913:

There is no dispute between the parties in regard to the facts in this case. Christian B. Esbenshade was the landlord of Alexander Ehrhart, and as tenant Ehrhart was in arrears for rent. The landlord issued his warrant and delivered it to the sheriff, and that official in executing the landlord's warrant made a mistake. The seizure was regular, the statutory requirements were literally complied with, save that a Sunday happened within the statutory

period, so that the goods of the tenant were appraised a day too soon and the landlord was a trespasser: Davis v. Davis, 128 Pa. 100. The amount of rent in arrear was not in dispute, and it was long overdue. Under this proceeding the personal property of Ehrhart was sold. He then brought an action of trespass for damages against the landlord and recovered a verdict for the value of the goods, $2,500. In selling the goods of the tenant under the landlord's warrant there was no suggestion of a willful or malicious trespass, but under the decisions, the court held the landlord to a strict compliance with all the provisions of the law, and the landlord having failed in this particular a verdict was directed against him by reason of his negligent failure to comply with an expressed statutory provision, and this judgment was affirmed on an appeal to the Supreme Court: Ehrhart v. Esbenshade, 233 Pa. 18.

Esbenshade then brought suit in assumpsit against Ehrhart on a note for rent due and owing by Ehrhart, being the same rent of the same premises for which distraint had been made under the landlord's warrant. On the trial of this case Esbenshade recovered against Ehrhart a verdict for $1,070.

Ehrhart then issued an execution on his judgment against Esbenshade, when the defendant in that writ presented his petition to the court of common pleas reciting all the facts and prayed that as "equity and good conscience require that the judgment of Esbenshade against Ehrhart should be allowed as a set-off to the judgment recovered by Ehrhart against Esbenshade," he asked for a rule to show cause, etc. An answer was filed and after a full hearing the court made the rule absolute, from which decree Ehrhart brings this appeal.

The power to set off one judgment against another is purely equitable and should be exercised upon equitable principles, and only when the court is satisfied that substantial justice is being done on application of this kind is addressed to the sound discretion of the court. Judg-

ments are set off not by force of the statute of defalcation, but by the inherent powers of the courts immemorially exercised; this being an equitable jurisdiction, originally appertaining to them as courts of law, therefore it is permitted only where it will infringe on no other right of equal grade.  Thus if the judgments are both founded on contract, prima facie the set-off should be allowed and probably the same presumption should prevail where one or both judgments may be in tort but of a kind, such as damage from negligence, which does not involve the elements of willful injury.  But if one judgment is in contract and the other in tort, which implies intent to injury, though there be no fixed rule which provides a set-off, yet the presumption is against it, and the party asking for it especially, if the tort feasor, should show some equity in its favor.  In such cases, as also where both judgments are in tort, the element of priority in time is generally of importance.  And all these rules and presumptions are subservient to the fundamental principle that each case is to be determined on its own circumstances and merits viewed with the eyes of a chancellor in equity.  This is the rule laid down by MITCHELL, C. J., in Leitz v. Hohman, 207 Pa. 289.  And as said in Reed v. Smith, 158 Fed. Repr. 889, "The doctrine is a purely equitable one, and will be administered in all cases upon such equitable terms as will promote substantial justice.  These applications not being founded on positive statute, or any fixed rule which compels the court to grant them, are addressed to the discretion of the court, and in the exercise of that discretion, even where the set-off might legally be made, if the court sees that injustice will be done by granting the order of set-off, it should be refused.  The real and only test in any case is whether or not in equity and good conscience the set-off should be allowed."

The action of trespass and that of assumpsit between these parties were tried before the same judge, who was familiar with all the facts and circumstances, and in allowing the set-off he held, "It would be unjust to require

the defendant, Esbenshade, to pay the whole judgment against him, obtained under such circumstances, when the person holding it is indebted to him in a judgment. This is particularly so when we consider the relation of the parties as landlord and tenant, and that both judgments grew out of that relationship." It has been held by eminent writers that the allowance of a set-off should not be made where it would infringe on any other right of equal grade, such as the debtor's right to exemption, but we do not consider this question properly before us, as it was not raised in the court below, and we dispose of this record as it was made by the parties when the decree appealed from was entered.

The decree is affirmed.