## Kisthardt, to use, Appellants, *v.* Betts et al.

Argued January 30, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

*Everett Kent,* with him *George I. Puhak,* for appellants.

*Charles P. Maxwell, Edgar O. Richards* and *Edward S. McCluskey,* for appellees.

PER CURIAM, March 23, 1936:

When the litigation between these parties was here before (311 Pa. 233), in our opinion we said the facts were complicated. They have not become less so. They are of interest to no one but the parties themselves, and are so unusual as not to be at all likely to found a precedent. We shall not elaborate them further than is necessary to give point to the principles upon which the court below determined the questions it had to meet.

The legal plaintiff, Baltzer Kisthardt, recovered three judgments, one against James A. Betts for $2,068.77, another against him for $1,378.11, and the third against him and his wife, Vanetta R. Betts, for $2,758.35. These judgments were founded upon checks given by the defendants to the legal plaintiff.

James A. Betts and Vanetta R. Betts entered judgment against Baltzer Kisthardt on a bond accompanying a mortgage given by him to them for $5500. In this proceeding Betts and his wife by petition to the court below

sought to set off that judgment against the three judgments which he held. The court refused the set-off as to the two judgments against Betts, but allowed it as to the judgment for $2,758.35 against Betts and his wife. From this action the plaintiffs appeal.

In reaching its determination the court followed the doctrine set forth in *Leitz v. Hohman,* 207 Pa. 289, 291: "The set-off of one judgment against another is not a legal right even under our Defalcation Act, but is allowed by the courts under their inherent powers in the administration of justice and is governed by the principles of equity. . . . Thus if the judgments are both founded on contract, prima facie the set-off should be allowed, . . . each case is to be determined on its own circumstances and merits viewed with the eyes of a chancellor in equity." See also *Hazelhurst v. Bayard,* 3 Yeates 152; *Ehrhart v. Esbenshade,* 53 Pa. Superior Ct. 258.

The assignment of the judgment to the use-plaintiffs was in consideration of costs, fees and expenses due the assignees. The assignment was subsequent to the entry of appellees' judgment. The assignees took the assignment subject to the right of appellees to set off any claim they had against the assignor prior thereto: *Rider v. Johnson,* 20 Pa. 190; *Filbert v. Hawk,* 8 W. 443; *Skinner v. Chase,* 6 Pa. Superior Ct. 279. This rule applies even though the assignment is made in consideration of attorneys' fees: *Jacoby v. Guier,* 6 S. & R. 448; *Aber's Petition,* 18 Pa. Superior Ct. 110. Appellees are not precluded from claiming the set-off of their judgment because they did not assert it at the time Kisthardt brought suit. The set-off of judgment has, in proper cases, frequently been allowed, though not asserted until after verdict rendered in the second action: *Hazelhurst v. Bayard,* supra; *Ehrhart v. Esbenshade,* supra.

We are not convinced from our study of the record that the court erred in allowing the set-off.

Order affirmed at appellants' cost.