## Smith's Estate

*John R. Jackson,* for petitioner.
*John W. Mentzer,* contra.

SHEELY, P. J., February 9, 1937.—Upon the petition of John R. Jackson and M. V. Keefer a citation was issued to John P. Sipes, administrator of the estate of Raymond Smith, deceased, to show cause why he should not pay unto petitioners the amount awarded to them from said estate by the auditor appointed to make distribution. An answer to the petition was filed by the administrator and a replication to the answer was filed by petitioners. The material facts are not disputed.

Conrad Smith and Raymond Smith were engaged jointly in farming and owned their farm stock and machinery as tenants in common. Raymond Smith died, and his administrator, John P. Sipes, took possession of and proceeded to sell all the farm stock and machinery as the property of Raymond Smith. Conrad Smith served notice of his claim, but the administrator refused to recognize it. At the administrator's sale of personal property on March 2, 1934, Conrad Smith purchased goods to the amount of $413.15 and was permitted by the administrator to give his note for that amount, with G. H. Breakall as surety, in payment. A judgment was subsequently entered on this note and a fi. fa. issued, which resulted in a credit of $310.01, leaving a balance due of $125.28.

On August 17, 1934, Conrad Smith instituted an action of trespass against the administrator for conversion of his interest in the personal property sold. This suit resulted in a judgment in his favor in the sum of $247.50,

702

which judgment he subsequently assigned to John R. Jackson and Martin V. Keefer, present petitioners.

With this background, and with the Conrad Smith-G. H. Breakall note unpaid, the administrator filed his account, in which he charged himself with the total proceeds of sale, including the amount represented by the Smith note, and took credit for various items of expenses, etc., including a distribution to the widow under her claim for exemption. Exceptions were filed to the account by John R. Jackson and M. V. Keefer, in which exceptants objected to the inclusion of the entire proceeds of the sale of personal property as assets of the estate of Raymond Smith, and objected particularly to the use of any money realized from the sale of Conrad Smith's interest in said personal property for the payment of the administration expenses or widow's exemption in the estate of Raymond Smith, deceased. S. W. Kirk, Esq., was appointed auditor to dispose of the exceptions and to make distribution.

The auditor filed a report in which he concluded that the widow's exemption and the costs of administration were properly paid from the assets in hand. He sustained exceptants' objection to the proof of the various debts of decedent, and concluded that the only claim properly proved was that of exceptants, based upon the judgment recovered by Conrad Smith against the administrator, and awarded the entire balance in the hands of the administrator, after payment of the expenses of audit, to them.

In his report the auditor also considered the contention of exceptants, present petitioners, that the portion of the assets representing the sale price of Conrad Smith's goods could not be used for the payment of the administration expenses of the Raymond Smith estate or for the payment of other creditors of Raymond Smith, deceased, and reached the curious conclusion that this portion of the assets could be used for the payment of expenses and for the payment of the widow's exemption, but could not be

used for the payment of creditors. The correctness of this conclusion was not questioned and is not now important, since the Conrad Smith judgment, held by petitioners, is the only claim proved against the estate.

After the filing of the auditor's report, G. H. Breakall, the surety on the Conrad Smith note, appeared and filed exceptions to the auditor's report, insisting that the liability of Conrad Smith on his note to the administrator should have been set off against the liability of the estate on the judgment recovered by Conrad Smith. We could have dismissed this exception on the ground that G. H. Breakall was not a party to the record, but we preferred to base our conclusion that the exception should be dismissed on the ground that the administrator was the only one who could claim the set-off and that the surety on Conrad Smith's obligation was not in a position to insist upon it. The surety on the note then gave notice to the administrator to collect the balance due on the Conrad Smith note from any credits in his hands belonging to Conrad Smith. The administrator then claimed the right to set off the one claim against the other and refused to pay the assignees of the Conrad Smith judgment more than the difference between the two claims. The question now before the court is simply the right of the administrator, under the facts set forth, to set off the one judgment against the other.

Petitioners contend that this question was passed upon by the auditor and that it is now res judicata. However, an examination of the auditor's report will reveal that the question of the right of set-off was not directly raised before the auditor, but was only incidental to a determination of the proper claims against the estate. The auditor having determined that the judgment of Conrad Smith was the only claim properly proved, it was unnecessary for him to determine the right of set-off. The doctrine of res judicata will not apply where the question arises only incidentally and was not material to the decision of the

original case: Schwan et al. v. Kelly et al., 173 Pa. 65; Sheble et al. v. Strong et al., 128 Pa. 315; James v. Sterrett, 137 Pa. 234.

In passing upon the exceptions of G. H. Breakall to the auditor's report we said:

"It is true that Jackson and Keefer took the judgment of Conrad Smith subject to all the equities between the administrator and Conrad Smith which were that the administrator had the right, and now has the right, to deduct the indebtedness of Conrad Smith to the estate from the distribution on account of this judgment. But the administrator has not yet availed himself of this right and is not compelled to do so."

In making this statement we relied upon the decision in Grier and Warner's Appeal, 25 Pa. 352 (1855), where an analogous situation was presented. The court there held that neither the confirmation of the account nor the approval of the auditor's report prevented the administrators from claiming that the amount due for property purchased by the creditor should be set off against the creditor's dividend in the estate. The situation now is different from the situation presented on the exceptions to the auditor's report, because now the administrator is the one claiming the set-off.

Petitioners contend that the set-off cannot be allowed because the administrator's claim against Conrad Smith is based upon contract while the claim of Conrad Smith against him is based upon tort. In the case of Ehrhart v. Esbenshade, 53 Pa. Superior Ct. 258, cited by petitioners, it was held that a judgment in contract could be set off against a judgment in tort where no injustice would be done to either party, and especially where both judgments arose out of the same transaction. In Leitz v. Hohman, 207 Pa. 289, also cited by petitioners, the general rule is stated that each case must be determined on its own circumstances and merits, viewed with the eyes of a chancellor in equity.

Applying these rules to the present situation we find that the claim of Conrad Smith against the administrator was based upon the administrator's conversion of Conrad Smith's property by selling it as the property of Raymond Smith. The claim of the administrator against Conrad Smith arose from his purchase of the very same property and at the very same sale. The rights of both parties were therefore created by the same act and, if petitioners' contention prevailed, the result would be that Conrad Smith would have the property which he purchased at the administrator's sale and would also have the money value of that property realized from his suit against the administrator. This would certainly be inequitable.

The assignment of the judgment to John R. Jackson and M. V. Keefer does not alter this situation, since they purchased the judgment subject to all equities existing between original plaintiff and defendant at the time the judgment was assigned to them. At that time the administrator had the right of set-off, and they purchased the judgment subject to this right: Skinner, to use, v. Chase, 6 Pa. Superior Ct. 279; Grier and Warner's Appeal, supra.

Petitioners further contend that there can be no set-off because the two claims are not in the same right; that the claim against Conrad Smith is held by the administrator individually, while the claim of Conrad Smith is against the estate. This is upon the theory that the debt of Conrad Smith was created to the administrator, and not to the estate. If this is true, it is also true that the liability on the judgment held by petitioners was created by the administrator and not by the estate. The same situation was presented in Grier and Warner's Appeal, 25 Pa. 352, where a debt due by the estate to a creditor was set off against the amount due by the creditor for goods purchased at the administrator's sale. It would also seem that the administrator could have been sued individually for his conversion of Conrad Smith's property: Pryor v.

706

Morgan et al., 170 Pa. 568 (1895). Claimant, by electing to sue the estate, on the theory that the estate had received the benefit of the conversion: Michener v. Dale, 23 Pa. 59 (1854); could not deprive the administrator of his right to set off the debt due by complainant to him arising out of the same transaction.

After considering all the contentions raised by petitioners, we can see no reason why the administrator should not be allowed the right of set-off which he claims. Petitioners have refused his offer of $67.73, representing the balance due them after giving effect to the set-off. The costs of this proceeding therefore should not be charged against the administrator.

And now, February 9, 1937, it is ordered and decreed that John P. Sipes, administrator of the estate of Raymond Smith, deceased, pay unto John R. Jackson and M. V. Keefer, assignees of the judgment of Conrad Smith v. John P. Sipes, administrator of the estate of Raymond Smith, deceased, entered to no. 41, October term, 1934, the sum of $67.73, representing the entire balance in his hands as administrator of said estate. The costs of this proceeding to be paid by John R. Jackson and M. V. Keefer, petitioners.

From John P. Sipes, McConnellsburg.