## REED v. SMITH.

### (Circuit Court, D. New Jersey. February 3, 1908.)

1. **JUDGMENT—PAYMENT—SET-OFF OF JUDGMENT.**

The power to set off one judgment against another is purely equitable, within the discretion of the court to which application is made, and should only be exercised when the court is satisfied that substantial justice will be done thereby.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 1669–1688.]

2. **SAME—NATURE OF JUDGMENT.**

The power to set off one judgment against another is not confined to judgments in the same court, but may be exercised with reference to judgments in different courts and in different states, it being also immaterial that one of the judgments is in tort and the other in contract, provided the set-off should be allowed in equity and good conscience.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 1669–1688.]

3. **SAME.**

Plaintiff recovered judgment against defendant for $750 and costs, for libel and slander, in May, 1907. In November, 1905, defendant and L. recovered judgment against plaintiff for $3,728, on a bond secured by a mortgage assigned to defendant and L., as collateral security. It did not appear that the mortgage securing the bond had been foreclosed, or that the property embraced in the mortgage was inadequate to secure payment of the bond, but in April, 1907, prior to the recovery of plaintiff's judgment, L. assigned to defendant all his right, title, and interest in the judgment recovered by them against plaintiff, defendant having procured the same to use as a shield against any judgment plaintiff might recover. *Held*, that defendant was not entitled in equity to set off such judgment against plaintiff's judgment in the action for libel and slander.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 1669–1688.]

In Tort. On rule to show cause.

Thomas B. Hall, for plaintiff.
Louis Starr, for defendant.

CROSS, District Judge. On or about May 7, 1907, the plaintiff in the above cause recovered a judgment against the defendant in this court for $750, besides costs. On November 28, 1905, the defendant and one Alfred Lowrey recovered a judgment against the plaintiff in the court of common pleas, No. 1, for the county of Philadelphia and state of Pennsylvania, for $3,728. Subsequently, and on April 27, 1907, Lowrey assigned to Smith, his coplaintiff, all his right, title, and interest in said judgment, whereby Smith on that day became its sole owner, and as such, shortly after the rendition of the judgment against him in this court, applied to have his said judgment set off against the judgment herein. Pursuant to the application, a rule to show cause why the set-off should not be made was allowed. Testimony under the rule was taken, and the question is now before the court.

The action upon which the judgment in this court was recovered was based solely upon allegations of libel and slander, and that in the Pennsylvania court upon a money bond secured by a mortgage given by Reed to the plaintiffs in that action. The power to set

off one judgment against another is purely equitable, and should be exercised upon equitable principles, and only when the court is satisfied that substantial justice is being done. There is no legal compulsion resting upon the court to exercise the power. An application of this character is addressed to the sound discretion of the court. "The doctrine is a purely equitable one, and will be administered in all cases upon such equitable terms as will promote substantial justice. These· applications being founded on no positive statute, or any fixed rule which compels the court to grant them, are addressed to the discretion of the court, and in the exercise of that discretion, even where the set-off might legally be made, if the court sees that injustice will be done by granting the order of set-off, it should be refused." Hendrickson v. Brown, 39 N. J. Law, 539. To the same effect are McAdams v. Randolph, 42 N. J. Law, 332; Terney v. Wilson, 45 N. J. Law, 282; Schautz v. Kearney, 47 N. J. Law, 56.

The above doctrines are neither novel nor peculiar, but, on the contrary, have been enunciated generally by the courts of other states, as well as in England. Moreover, the power does not rest on the statute authorizing set-offs, but rather upon the control which courts exercise over their own suitors, and over the process, the aid of which those suitors invoke. Hendrickson v. Brown, supra; Schautz v. Kearney, supra. Nor, again, is the power to offset one judgment against another by any means confined to judgments in the same court; on the contrary, a judgment in one court can be offset by a judgment in another in the same state, or by a judgment in a different state, or a judgment in a state court by one in a federal court. So, too, the fact that one judgment is in tort and another in contract does not of necessity bar their set-off if such a course be equitable. The real and only test in any case is whether or not in equity and good conscience the set-off should be allowed.

Several objections to the allowance of a set-off in this case have been urged; it will be necessary, however, to consider but one of them. As already stated, the judgment in the Pennsylvania court was recovered upon a bond, secured by a mortgage, both of which were assigned to the plaintiffs in that action as collateral security. It does not appear that the mortgage securing the bond has been foreclosed, or that the property embraced in the mortgage is inadequate to secure the payment of the bond. Such being the case, no special equities exist in favor of the defendant; but were it otherwise, in view of the character of the judgment obtained against him in this court, there is no obvious reason why the court's prerogatives should be strained to save him from the consequences resulting from the unlawful use of his tongue and pen. The words spoken and written of the plaintiff were such as imported damage in and of themselves, and a jury found that the plaintiff was actually damaged thereby to the extent of $750. With that verdict the court was entirely satisfied, and as a matter of fact the defendant never applied to have it set aside or its amount reduced. It has been held in quite a recent case, which will presently be more specifically referred to, that it is not in the interest "of good order or public peace" to allow a judg-

ment founded upon a contract to be used as a set-off against one founded upon a tort of the character here presented, and especially should this be so when no special countervailing circumstances are shown which appeal to the conscience of the court, and demand that the set-off be allowed. The case just adverted to is Leitz v. Hohman, 207 Pa. 289, 56 Atl. 868, 99 Am. St. Rep. 791. The facts there presented are as nearly like the present as they well can be. In its opinion the court, speaking by Chief Justice Mitchell, said:

"Some few rules, or at least presumptions, may be gathered from the incidental discussions and applications in the cases. Thus, if the judgments are both founded on contract, prima facie the set-off should be allowed, and probably the same presumption should prevail where one or both judgments may be in tort, but of a kind, such as damages from negligence, which does not involve the element of willful injury. But if one judgment is in contract and the other in tort, which implies intent to injure, though there is no fixed rule which prevents a set-off, yet the presumption is against it, and the party asking for it, especially if the tort-feasor, should show some equity in its favor. * * *

"And all these rules and presumptions are subservient to the fundamental principle that each case is to be determined on its own circumstances and merits, viewed with the eyes of a chancellor in equity.

\* \* \* \* \* \* \* \* \* \* \*

"If he could do this in slander (that is, set off the judgment), he might do it in assault and battery or other tort. It is not in the interest of good order or the public peace to allow satisfaction for even a judgment debt to be obtained in this way. If the tort had been first in time, or the circumstances different, the rule might have been different; but on the merits of the case as presented, we concur with the learned judge of the common pleas, and 'do not think that, because one man holds a judgment against another, he is entitled * * * to slander his character to the amount of his judgment, with immunity from other punishment, and we see no equity that can sustain such a proposition.'"

With what was there said and with all that was said, this court is in full accord. It may properly be inferred from the fact that the defendant herein procured an assignment of the foreign judgment but a very few days prior to the trial which resulted in the judgment against him, that he intended at that time to use it as a shield against the consequences of his own evil conduct; but, whether that be so or not, I see no reason to interpose the discretionary and equitable power of the court for his protection. The rule to show cause will therefore be discharged, with costs, and an order entered vacating the stay now in force against the execution of the plaintiff's judgment.