Houlihan, Appellant, *v.* Presbyterian Home for Aged Couples and Aged Men.

Argued December 13, 1938.

42

Before
KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Abraham Wernick,* for appellant.

*W. Heyward Myers, Jr.,* and *Morgan, Lewis & Bockius,* for appellee, were not heard.

PER CURIAM, January 31, 1939:

This was a bill in equity filed by John Houlihan against Presbyterian Home for Aged Couples and Aged Men, hereinafter referred to as Presbyterian Home, and T. V. Houlihan and William B. McKaraher, praying that a certain mortgage and bond for $2000, held by the defendant, Presbyterian Home, and purporting to have been signed by the plaintiff and witnessed by the other two defendants, one of whom, McKaraher, was a notary public and had taken plaintiff's acknowledgment, be declared forgeries as to the signature of the plaintiff, and therefore void, and that the Recorder of Deeds be ordered to strike said mortgage, as recorded in Mortgage Book J. M. H. No. 4351, page 454, from his records.

Separate answers were filed by the defendants denying that the signatures of the plaintiff to the bond and mortgage were forged.

The case was tried before Judge MILLAR sitting as a chancellor and witnesses were fully heard on both sides.

The Chancellor filed an adjudication, showing a careful examination of the evidence, and finding as facts that the plaintiff, John Houlihan, had signed, sealed, acknowledged and delivered the mortgage, and had signed, sealed and delivered the bond and the warrant of attorney to confess judgment accompanying the bond, referred to in the bill, and that he had also endorsed as payee a check of Germantown Trust Company for $1240.33, which with the satisfaction of a prior mortgage for $700 admittedly given by the plaintiff to Germantown Trust Company and recorded in Mortgage Book J. M. H. No. 4132, page 462, represented the proceeds of the loan secured by said bond and mortgage. His conclusions of law were that the mortgage and bond and warrant are valid and subsisting obligations of the plaintiff and that the bill must be dismissed, and he accordingly, entered a decree nisi ordering the bill to be dismissed at the plaintiff's costs.

Exceptions were filed by the plaintiff to the Chancellor's findings of fact and conclusions of law and decree nisi and to an excerpt from his discussion, all of which were dismissed by the court in banc, and a final decree entered dismissing the bill, plaintiff to pay the costs. Plaintiff appealed and assigns for error the dismissal of his exceptions and the entry of the final decree.

The conclusions of law and the decree dismissing the bill are the natural consequence of the findings of fact, and the decree must be affirmed if the findings of fact of the Chancellor that the plaintiff signed, sealed, acknowledged and delivered the mortgage, and signed, sealed and delivered the bond and warrant of attorney are sustained by the evidence. Plaintiff's counsel admitted on the trial that the sole question in the case was as to the credibility of the witnesses.

The rule is too well established to require further citation of authorities that the findings of fact of a Chancellor, when affirmed by the court in banc, are conclusive on the appellate court when they are sup-

ported by evidence sufficient to require their submission to a jury in a trial at law: *Belmont Laboratories v. Heist,* 300 Pa. 542, 151 A. 15.

We have examined the evidence carefully and are satisfied that it measures up to the standard declared above and requires the affirmance of the decree. Furthermore, we are in accord with the Chancellor in his discussion as to the faulty memory of the plaintiff, as shown by his subsequent admissions as to having executed mortgages which at first he denied having signed; and our own examination of the disputed signatures with admittedly genuine signatures made about the same time, as they appear in the original record, gives support to our opinion that the findings of fact as to the genuineness of plaintiff's signatures to the mortgage, bond and warrant in question and his endorsement of the check for $1240.33 were fully justified.

The sole question raised by the bill and answers was whether the plaintiff had signed the mortgage and bond referred to in the bill, or his signature to them had been forged. The production of the check for $1240.33, with the plaintiff's endorsement thereon, was relevant and material as bearing on the issue made by the bill and answers, but it did not serve to enlarge that issue by a collateral examination into whether the plaintiff himself had received the proceeds of that check. See *Pierce v. Kaseman,* 326 Pa. 280, 283, 284, 192 A. 105. It was undisputed that the Presbyterian Home had deposited with the Germantown Trust Company, which looked after the settlement of the mortgage transaction, the sum of $2000, and that the Trust Company had disbursed it as above set forth.

The decree is affirmed at the costs of the appellant.