# Aber's Petition.

*Appeals—Judgments—Set-off—Special court.*

An appeal lies from an order of the court of common pleas refusing to set off one judgment against another.

The exercise of the power of setting one judgment off against another, while discretionary is not a mere matter of grace, but is governed by equitable principles. The right, although not secured by statute cannot be arbitrarily denied. The discretion of the lower court may therefore be reviewed.

*Judgment—Set-off—Prior equity.*

Where a person recovers a judgment against another for costs, and subsequently and on a day prior to the entry of a verdict against him in a suit by the defendant in the first judgment, the latter assigns the verdict in his favor, and the judgment thereon to his attorneys in consideration of services rendered, the plaintiff in the first judgment has a right to have the first judgment set off against the second judgment, notwithstanding the assignment. The owner of the first judgment has a right in equity to the set-off at least as strong as the attorneys' right, and prior in point of time. In such a case where the attorneys in their answer to the petition for set-off fail to show the value of the services rendered by them in the second suit, they cannot assert an attorney's lien for services as against the right of set-off.

An attorney's lien for services on a fund, extends only to the services rendered in the proceedings creating the fund. It does not extend to services rendered in other cases.

Argued May 16, 1901. Appeal, No. 23, April Term, 1901,

110, (1901).]  Statement of Facts—Opinion of the Court.

by O. E. Aber, from order of C. P. Beaver Co., June Term, 1900, No. 66, refusing set-off in petition of O. E. Aber.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.  Reversed.

Rule for set-off.   Before WILSON, P. J.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order discharging rule.

*D. A. Nelson*, for appellant.—Our contention is that at the time Schnuth recovered his judgment, that Aber was really only indebted the difference after Aber's judgment was deducted. This principle is clearly stated by Judge ARCHBALD in Riehl v. Vockroth, 1 Pa. Dist. Rep. 80, and Pasek v. Vockroth, 3 Pa. Dist. Rep. 150.

The attorneys for Schnuth took the assignment of the judgment subject to all equities and at their own peril : Northampton Bank v. Balliet, 8 W. & S. 311.

Aber's equitable rights existed prior to and at the time of the assignment, and he had a right to set off his judgment against that of his debtor : Miller and Reist v. Bomberger, 76 Pa. 78.

*A. P. Marshall*, with him *R. S. Holt*, for appellee.—The setting off of one judgment against another is not a legal right, but the exercise of such power is only discretionary with the trial judge below, and from whose decision no appeal lies : Ramsey's App., 2 Watts, 228 ; Burns v. Thornburg, 3 Watts, 78.

OPINION BY RICE, P. J., July 25, 1901 :
On June 16, 1898, Aber obtained judgment for costs, amounting to $188.42, against Schnuth.   On March 20, 1899, Schnuth obtained judgment on verdict against Aber for $327.28.   On December 20, 1898, the day before the verdict was rendered in the last mentioned case, Schnuth assigned the verdict and judgment to his attorneys, these appellees, in consideration of services rendered and money expended by them in his behalf in this and other cases.   Subsequently, upon the petition of Aber, a rule was granted on Schnuth and his attorneys to show cause why his, Aber's, judgment should not be set off against

Schnuth's judgment. He alleged in his petition, and his allegation was not denied in the answer, that at the time of the assignment to the respondents, Schnuth was insolvent, and that this fact, as well as the existence of his, Aber's, judgment against Schnuth, was well known to them at the time. After hearing upon petition and answer, the court discharged the rule.

1. It is urged, in the first place, that, as the petition in such a matter is addressed to the discretion of the court, its refusal to allow the set-off is not reviewable by this court. The practice of setting off one judgment against another was originally adopted by the common-law courts because it was deemed inequitable that the process of the court should be used for the collection of a debt when the creditor owed his debtor a like, greater or less sum evidenced also by the records of the court. Judges of learning and ability have expressed the opinion that under our defalcation act, it is a legal as well as an equitable right, but the doctrine most generally accepted is that "judgments are set against each other, not by force of the statute, but by the inherent powers of the courts immemorially exercised, being almost the only equitable jurisdiction originally appertaining to them as courts of law:" Ramsey's Appeal, 2 W. 228. The exercise of this power, whilst discretionary, is not a mere matter of grace, but is governed by equitable principles. The right of the defendant, although not secured by statute, cannot be arbitrarily denied: Skinner v. Chase, 6 Pa. Superior Ct. 279. This equity, as has been said elsewhere, is founded in system, and does not rest upon capricious or arbitrary discretion. It was held in some of the earlier cases, it is true, that a writ of error would not lie to such proceeding, but in Horton v. Miller, 44 Pa. 256, it was distinctly ruled that the proper mode of review was by appeal. In that case a writ of error had been taken which was changed into an appeal, concerning which Justice THOMPSON said : " A writ of error in such a case would only bring up the judgment in which error was alleged, but not the petition on which the appelation was founded nor the testimony; it was therefore necessary and proper, as it was a case in equity, to change it into an appeal."

2. It is urged, in the second place, that the equitable right of the respondents, by virtue of the assignment to them, is

superior to the equitable right of set-off in the defendant in the judgment assigned. The justice and propriety of the exercise of the power to set off judgments must be determined by the facts and circumstances of each particular case. The right, being equitable in its nature, is permitted only where it will infringe no right of equal grade. Ramsey's Appeal, supra, is cited in support of the proposition that it will not be permitted to affect an equitable assignee for value. But in Filbert v. Hawk, 8 W. 443, KENNEDY, J., showed that Ramsey's Appeal is imperfectly stated, as reported, in not showing that the assignment was prior, in point of time, to the judgment sought to be used as a set-off. See also Clement v. Philadelphia, 137 Pa. 328. The same case (Filbert v. Hawk), is authority for the propositions that an assignee of a judgment takes it subject to the equity of the defendant to set off against the assignor a judgment acquired before the assignment, and that, in such a case, the fact that the assignment was for a valuable consideration does not give the assignee a superior equity. Judge KENNEDY's language, with slight changes in the names of the parties, fits the present case. The appellees' right to claim payment of the judgment under the assignment is purely equitable, but the appellant, if he had not a perfect legal right to his claim of set-off, has a right in equity thereto, at least as strong as the appellees and prior in point of time, so that, according to the maxim qui prior est in tempore potior est in jure, the appellant's right would be preferred. It was not in the power of Schnuth, by any sale and transfer that he could make of the judgment which he obtained against Aber, to defeat the latter of any right which he had, either in law or equity, to have the judgment against him satisfied by means of set-off. The appellees took the assignment subject to such right, whether legal or equitable, as also every equity which existed on the part of the appellant. The principle was ruled in Jacoby v. Guier, 6 S. & R. 448, a case closely resembling the present in its essential facts.

3. It is urged, further, that if the assignment is not sufficient, of itself, to protect the appellees, a set-off will not be permitted to the prejudice of an attorney's lien for services rendered in obtaining the judgment, and that upon this ground the rule was properly discharged. As a general rule an attorney

has a lien for his services only upon what he has in his posses-sion : McKelvy's and Sterrett's Appeal, 108 Pa. 615.   But grant-ing for the purposes of this discussion only, that Schnuth's at-torneys had an equitable claim upon the fund to be recovered in his suit, it is very clear that they had no lien or equitable claim thereon for services rendered in other cases.   The ut-most extent of their claim which, in any view of the law of at-torney's lien, the court could recognize in this proceeding, was the money expended, and the value of the services rendered, by them in Schnuth's behalf in that suit.   Even granting then, that to that extent they had an equity superior to that of the de-fendant in the judgment, it was incumbent on them to show the amount of that claim, so that the court could determine whether the allowance of the set-off would be prejudicial to their right. The proper place to show this was in their answer, and as it does not affirmatively appear from the facts therein alleged that any superior equity of theirs, which can be recognized in this proceeding, would be prejudiced by allowing the set-off of a judgment for $188, against a judgment for $327, we think the court erred in discharging the rule.   We refer again to the case of Jacoby & Guier, supra.

The order discharging the rule to show cause is reversed, the rule is reinstated and made absolute, and the record is remitted to the court below with directions to carry this order into effect ; the costs of this appeal to be paid by the appellees.