## Leitz, Appellant, *v.* Hohman.

*Set-off—Equity—General principles of set-off—Torts.*

The set-off of one judgment against another is not a legal right even under the defalcation act, but is allowed by the courts under their inherent powers in the administration of justice, and is governed by the principles of equity.

If the judgments are both founded on contract, prima facie the set-off should be allowed, and probably the same presumption should prevail where one or both judgments may be in tort but of a kind, such as damage from negligence, which does not involve the element of wilful injury.

But if one judgment is in contract and the other in tort which implies intent to injure, though there is no fixed rule which prevents a set-off, yet the presumption is against it, and the party asking for it, especially if the tort feasor, should show some equity in its favor. In such cases, as also where both judgments are in tort, the element of priority in time is generally of importance. And all of these rules and presumptions are subservient to the fundamental principle that each case is to be determined on its own circumstances and merits viewed with eyes of a chancellor in equity.

The decision of the common pleas refusing to set off one judgment against another, may be reviewed on appeal, and such an appeal brings up the whole case for consideration on its merits.

In a proceeding to set off against a judgment for slander for $300 a judgment on a contract for $4,000 dollars, it appeared that prior to the institution of the action for slander, defendant sold land to plaintiff for $5,000, received $1,000 on account, and a bond of $4,000 on which judgment was entered. Later the defendant assigned the judgment to another who issued execution, sold the land, bought it in for $1,000 and subsequently conveyed it back to defendant. While the slander suit was pending defendant secured a reassignment of the judgment to himself. As a result of the transaction as to the sale of land defendant suffered no loss. *Held*, that under the circumstances the defendant could not set off his judgment against the judgment for slander which the plaintiff had recovered against him.

Argued May 20, 1903. Appeal, No. 58, Jan. T., 1903. by plaintiff, from judgment of Superior Court, Oct. T., 1902, No. 91, reversing judgment of C. P. Lancaster Co., Jan. T., 1902, No. 15, discharging rule to set off judgment against judgment in case of William Leitz v. John W. Hohman. Before MITCHELL, DEAN, FELL, BROWN and POTTER, JJ. Reversed.

. Appeal from Superior Court.

The facts appear from the opinion of the Supreme Court and the report in 22 Pa. Superior Ct. 1.

*Error assigned* was the judgment of the Superior Court.

*J. W. Brown* and *D. McMullen*, for appellant.—The power to set off one judgment against another is permitted only where it will infringe on no other right of equal grade: Higgins v. Dunkleberger, 9 Pa. Dist. Rep. 91; Windle v. Moore, 1 Chester Co. Rep. 69; Shoemaker v. Flosser, 5 Kulp, 437.

*I. C. Arnold* and *B. F. Davis*, for appellee.

OPINION BY MR. CHIEF JUSTICE MITCHELL, January 4, 1904 :

It is settled and unquestionable law that the set-off of one judgment against another is not a legal right even under our defalcation act, but is allowed by the courts under their inherent powers in the administration of justice and is governed by the principles of equity. In Wellock v. Cowan, 16 S. & R. 318, it is said per curiam : " Set-off had no existence at the common law, relief being had only in equity. Since the statute this branch of chancery jurisdiction has not been exercised where relief might be had at law ; although for a particular equity not provided for, chancery will go beyond the statute, and allow of what is called an equitable set-off by virtue of its original powers. Courts of common law have long exercised the same powers in setting judgments against each other : a matter not provided for in the statute, and therefore constituting perhaps the only equitable jurisdiction which those courts possess." In Ramsey's Appeal, 2 Watts, 228, Chief Justice GIBSON says : " There is a fallacy in supposing defalcation in a case like the present to be a legal right. Judgments are set against each other not by force of the statute, but by the inherent powers of the courts immemorially exercised. . . . An equitable right of setting off judgments, therefore is permitted only where it will infringe on no other right of equal grade." And in Burns v. Thornburgh, 3 Watts, 78, it is again said, per curiam, the power to set one judgment against another " is not a legal power, nor its exercise demandable of right."

But though the principle in general has been thus clearly and frequently declared, its limits and practical application between the original parties have been little discussed, most of the cases from Jacoby v. Guier, 6 S. & R. 448, down to Clement v. Philadelphia, 137 Pa. 328, having arisen on disputes as to the rights of assignees.

Some few rules, or at least presumptions may be gathered from the incidental discussions and applications in the cases. Thus if the judgments are both founded on contract, prima facie the set-off should be allowed, and probably the same presumption should prevail where one or both judgments may be in tort but of a kind, such as damage from negligence, which does not involve the element of wilful injury. But if one judgment

is in contract and the other in tort which implies intent to injure, though there is no fixed rule which prevents a set-off, yet the presumption is against it, and the party asking for it, especially if the tort feasor, should show some equity in its favor. In such cases, as also where both judgments are in tort, the element of priority in time is generally of importance. And all of these rules and presumptions are subservient to the fundamental principle that each case is to be determined on its own circumstances and merits viewed with the eyes of a chancellor in equity.

It is argued by the appellant in this court, that the set-off not being of legal right, the decision of the common pleas can only be reviewed for abuse of discretion. This, however, cannot be sustained. Though the jurisdiction is one resting on discretion, it is a judicial discretion to be exercised on the established principles of equity. It was held in Wellock v. Cowan, 16 S. & R. 318, supra, and again in Burns v. Thornburgh, 3 Watts, 78, supra, that as the facts do not appear on the record the action of the court on motion or rule to set off judgments could not be reviewed on writ of error. And in Horton v. Miller, 44 Pa. 256, it was expressly held that the proper remedy was by appeal. And see Aber's Petition, 18 Pa. Superior Ct. 110. The proceeding being in its nature equitable, an appeal brings up the whole case for consideration on its merits.

In 1893 Hohman sold a property to Leitz for $5,000, received $1,000 on account and a bond for $4,000 on which judgment was duly entered. Later in the same year Hohman assigned the judgment with a guarantee and Leitz failing to make the subsequent payments the land was sold under the judgment to Arnold, one of the assignees, for $1,000, and by him conveyed back to Hohman in March, 1897. In June, 1897, Leitz began suit against Hohman for slander which resulted in a judgment for plaintiff for $300. While this suit was pending in April, 1898, the judgment against Leitz was retransferred by the assignees to Hohman, and this he now seeks to set off against the judgment in the slander suit. The court below refused permission. His reasons are convincing. It does not appear that the transaction in regard to the land resulted in any pecuniary loss to Hohman. He got his property back again, with $1,000 paid on account and a judgment for the rest of the agreed purchase

money.   While this does not affect his legal rights so long as the judgment stands unchallenged on the record, yet it bears very significantly on the equity of his claim to set-off.   After the sheriff's sale nothing further was done under the judgment. Its lien was allowed to expire without renewal, and the vendor was again in possession of the land.   But when the vendee's suit for slander had been pending a year, the dormant judgment was roused from its torpor and reassigned to its original plaintiff Hohman.   It is apparent that the principal if not the whole purpose of this action was to put Hohman in position to use it for protection against the result of his own wrong.   If he could do this in slander, he might do it in assault and battery or other tort.   It is not in the interest of good order or the public peace to allow satisfaction for even a judgment debt, to be obtained in this way.   If the tort had been first in time or the circumstances different, the rule might have been different, but on the merits of the case as presented we concur with the learned judge of the common pleas and " do not think that because one man holds a judgment against another, he is entitled . . . . to slander his character to the amount of his judgment with immunity from other punishment, and we see no equity that can sustain such a proposition."

The judgment of the Superior Court is reversed and the order of the common pleas reinstated and affirmed.