Jones et al. *v.* Pittsburgh, Appellant.

Argued April 20, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*John R. Bentley,* for City Controller, appellant.

*John S. Cort,* for appellees.

OPINION BY DITHRICH, J., July 19, 1945:

The sole question involved in this appeal is whether in justice and good dealing the Controller of the City of

Pittsburgh should be permitted to set off a claim for delinquent taxes against the equitable or charging lien of an attorney where the City acting by and through its solicitor in answer to a rule to show cause admits ". . . that the petitioner is entitled to a reasonable fee for his services as counsel for the plaintiff" and further admits that "Although . . . the City has a right to set off taxes owed by a judgment plaintiff, this right should not preclude the payment of reasonable counsel fees to the attorney whose efforts assisted in creating the fund."

The fund was created in an action of trespass brought against the City of Pittsburgh for damages for the dumping of refuse on the property of plaintiffs. The trial resulted in a verdict in favor of plaintiffs for $1500 property damage and $1500 punitive damages which was reduced to judgment. There were delinquent taxes due the City on the property in excess of $4000. In a petition setting forth that the City refused to pay the judgment and proposed to apply the same to the delinquent taxes, Attorney John S. Cort obtained a rule to show cause why his fee of $600, representing 20% of the amount recovered and which had been agreed to by his clients, should not be paid ". . . prior to the application of any of said funds to delinquent taxes."

Separate answers were filed by the City and by the City Controller and after argument the rule was made absolute and the Controller was ordered to ". . . pay the counsel fee of John S. Cort upon submitting proof to the Controller of his employment as counsel for the petitioners." From that order, the Controller has appealed.

There is no question of the right of Cort to represent plaintiffs in the action or that he was required to look to the amount recovered for his fee. But the Controller takes the position that under the Act of April 15, 1943, P. L. 53, 53 PS §2121, reenacting and amending an Act approved July 1, 1937, P. L. 2611, authorizing political subdivisions other than cities of the first class to set-off

their delinquent taxes against claims and accounts due by such political subdivisions, he has the right to withhold the approval and payment of such claim or account in whole or in part until such person shall have entered into an agreement with the political subdivision as provided by the Act. The prime purpose of the reënactment and amendment of the Act of 1937 was to provide "a procedure therefor."

The procedure is set forth in Sections 4 and 5 which were added to the original Act.

"Section 4. If any person who is indebted to the political subdivision on account of delinquent taxes, municipal claims or judgment as aforesaid, and who has a claim or account against such political subdivision, shall, upon demand of the political subdivision, refuse, neglect or fail to enter into an agreement as hereinbefore provided, such political subdivision may petition the court of common pleas of the county, setting forth the facts of the case and asking for a rule to show cause why a decree should not be made that the amount of such delinquent taxes, municipal claim or judgment owing to the political subdivision, be set-off against the claim or account which such person has against the political subdivision, or against the proceeds of any judgment secured thereon. Thereupon the court shall grant a rule against all parties interested to appear and show cause why such a decree should not be made. The rule shall be returnable in not less than ninety (90) days from the date the petition was presented. If, during such period, prior to the return of such rule, the said person having such claim or account against the political subdivision shall enter into an agreement therewith, satisfactory to the political subdivision, the said proceedings upon notice given to the said court shall terminate.

"Section 5. If, upon hearing, the court is satisfied that service of the rule has been made upon the parties interested, and that the facts stated in the petition are

true, it shall order and decree that the amount of delinquent taxes, municipal claims and judgments owing to the said political subdivision by the said person having a claim or account against such political subdivision, shall be set-off against such claim or account and against the proceeds of any judgment secured thereon."

The procedure provided by the Act was not followed in this case. No right of set off existed in an action of trespass prior to the passage of the Act of 1937 as re-enacted and amended. In our opinion it should not be so construed as to strike down ". . . the right of an attorney to a *charging* lien upon a fund in court or otherwise applicable for distribution on equitable principles, which his services primarily aided in producing and to which, by agreement with his client, he is to look for compensation [which] has long been recognized by the authorities." *Harris's Appeal. Jacoby's Appeal,* 323 Pa. 124, 129, 186 A. 92.

This court said in *Turtle Creek Bank & Trust Co. v. Murdock,* 150 Pa. Superior Ct. 277, 280, 28 A. 320: "A court will endeavor to protect attorneys who claim fees from a fund created largely, if not entirely, by their efforts if it is within its grasp and the payment thereof does not unduly interfere with established procedure or the rights of the third party," and, p. 283, that *Harris's Appeal,* supra, ". . . has considerably broadened, in this state at least, the scope of an attorney's common law charging lien."

Whether it be considered a *charging* lien, as distinguished from a *retaining* lien, dependent upon possession by the attorney, or an "equitable assignment," *Patten v. Wilson,* 34 Pa. 299, it was prior in time to that of the City's right of set off and *Qui prior est in tempore potior est in jure.* Whether we would have so decided had the procedure prescribed by the Act been followed and upon proper petition the court of common pleas had ordered and decreed "that the amount of delinquent taxes . . . shall be set-off against such claim or account and against

the proceeds of any judgment secured thereon," is not determined, for not only did the City fail to petition for a rule to show cause, but no demand was made upon the judgment creditors for payment of the delinquent taxes until after the court had ordered the Controller to pay the counsel fee. It might even be questionable in the absence of a court decree or order whether the City has any authority to set off its claim for delinquent taxes against any part of the judgment, but there can be no question that it has no right of set off against that part of it charged with the lien. "If a principle in law or equity can be found to sustain an award of reasonable counsel fee and costs to the owner's attorney, who litigated the . . . dispute and whose services helped produce the fund, it ought to be applied." *Harris's Appeal,* supra, p. 128.

The order is affirmed.