## Cooper v. Cooper

*Henry Thalenfield*, for plaintiff.

*Thomas C. Moore* and *George A. Yavorek*, for defendants.

PINOLA, J., June 18, 1958.—We have for consideration the petition of Thomas C. Moore, Esq., and George A. Yavorek, Esq., for enforcement of an attorneys' charging lien against the share of the proceeds in partition due Dr. Joseph E. Cooper, their client.

An answer was filed by counsel for the client's wife, who has sequestered the funds, objecting to the allowance of the lien.

On or about November 20, 1957, real estate which was the subject of this partition proceeding was sold by the master and there was due a balance for distribution to Dr. Joseph E. Cooper, the sum of $15,037.29.

Mr. Moore testified that he entered his appearance in these proceedings on February 2, 1956, and his colleague entered his appearance on October 19, 1957, although Mr. Yavorek testified that he had been engaged in the middle of August 1957.

Mr. Moore testified that he was engaged by Dr. Cooper for the purpose of procuring as much as possible from the proceedings of the partition sale, that he was responsible for preventing plaintiff from discontinuing the action and that he himself prepared orders for the court to further and continue the proceedings because counsel for plaintiff would not.

Mr. Moore testified also that when he was engaged by Dr. Cooper, it was agreed that he was to look to the fund for his compensation and that such compensation was not to exceed 15 percent of the fund.

When Mr. Yavorek was engaged by Dr. Cooper, it was expressly agreed that Mr. Moore would pay him a portion of the fee under the then existing agreement.

Mr. Moore testified to the work that he did and his efforts in bringing about a larger fund than would otherwise have been realized, that he succeeded in having Dr. Albert F. Cooper, another client, bid much higher than any other bid for the property, the said bid being $15,000 in excess of the appraised value and approximately $30,000 more than the bid of any disinterested person at the sale.

He testified further in detail to all of his activities in the case, which included appearance in equity court on three occasions, as well as numerous conferences with Judges Valentine, Lewis and Aponick, as well as the writer.

Counsel for the wife of Dr. Joseph E. Cooper caused an order of the quarter sessions court to be filed in the office of the prothonotary on July 30, 1956, and on November 13, 1957, she petitioned the court to sequester her husband's share.

The right of an attorney to a charging lien upon a fund in court or otherwise applicable for distribution on equitable principles, which his services primarily aided in producing and to which, by agreement with his client, he is to look for compensation, has long been recognized by the authorities: Harris's Appeal, 323 Pa. 124.

The lien claimed arises not only out of the equities of the situation but out of an agreement between the attorneys and their client that they are to receive their compensation out of the proceeds of the litigation and that they were to look to the proceeds for their security.

In McKelvy's and Sterrett's Appeals, 108 Pa. 615, "the attorney was termed the 'equitable owner' to the extent of the value of his services, of the fund in court produced by his efforts."

Such an agreement is valid as against attaching creditors of the client: Patten v. Wilson, 34 Pa. 299.

In our opinion, the agreement between counsel, followed by their work and activity in aiding in the production of the enlarged fund, entitles them to a preference out of the money raised in part by their services.

From a careful consideration of all the testimony, we conclude that the petitioners have a charging lien in the sum of $2,000.

Accordingly, we enter the following

### Order

Now, June 18, 1958, at 3 p. m., it is directed that the master pay from the distributive share of Dr. Joseph E. Cooper, the sum of $2,000 to Thomas C. Moore, Esq., and George A. Yavorek, Esq., his attorneys.