PROIE BROTHERS, INC., a Pennsylvania corporation, and John Proie,
Plaintiffs,

v.

Frank PROIE, Defendant.

Misc. No. 4700.

Civ. A. No. 67–198.

United States District Court,
W. D. Pennsylvania.

March 1, 1971.

Joseph W. Conway, of Suto, Power, Balzarini & Walsh, Pittsburgh, Pa., for plaintiffs.

Gregory A. Harbaugh, of Houston, Cooper, Speer & German, Pittsburgh, Pa., for defendant.

## OPINION AND ORDER

MARSH, Chief Judge.

On May 21, 1970, Frank Proie, the defendant in two judgments obtained in this court by the plaintiffs, Proie Brothers, Inc. and John Proie, filed a motion to set-off three judgments owned by Frank Proie against the judgments in favor of the plaintiffs. On November 6, 1970, the defendant filed an amendment adding a fourth judgment owned by him to his motion to set-off.

A statement of the facts gleaned from the record and affidavits submitted is as follows:

On October 18, 1968, a judgment in favor of Proie Brothers, Inc., in the amount of $41,633.84, was entered against Frank Proie at Civil Action No. 67–198, and on the same date in the same action a judgment in favor of John Proie in the amount of $21,683 was entered against Frank Proie. The judgments were affirmed *per curiam,* 414 F. 2d 1365 (3d Cir.) on May 15, 1969.[1]

In January, 1969, Gregory A. Harbaugh, Esquire, ascertained that there were numerous unsatisfied judgments of record in the Prothonotary's Office of Allegheny County, Pennsylvania, against plaintiffs. After the plaintiffs' judgments against defendant were affirmed on May 15, 1969, defendant asked the law firm of Houston, Cooper, Speer & German, with which Mr. Harbaugh is affiliated, to "defend" him in place of his former trial counsel. Mr. Harbaugh immediately entered into negotiations with the judgment creditors of the plaintiffs.

After some delay, on October 20, 1969, the judgment of William A. Tauskey, Margaret M. Tauskey and Leroy V.

---

1. Plaintiffs' action was based on two contracts in which plaintiffs agreed to sell to defendant common stock of Pittsburgh Sheet Metal Duct Company (PSMD stock) for approximately $51,000, no part of which was ever paid. At Miscellaneous No. 4700, on October 31, 1968, plaintiffs issued an attachment execution against Martin K. Cantwell pursuant to Rule 64, Fed.R.Civ.P. Interrogatories answered by the garnishee disclosed that several months after plaintiffs' suit was filed, the subject shares of PSMD stock, along with other shares, were assigned by plaintiff to Martin K. Cantwell, defendant's uncle, in satisfaction of an alleged indebtedness owing to him from defendant and his wife (Interrogatories to Garnishee, Martin K. Cantwell, Answer No. 5).

Hedges, Trustees of the Combustion Service and Equipment Company Salaried Employees Trust Fund vs. Proie Brothers, Inc., and John Proie and Ann Jane Proie, entered in the Prothonotary's Office of the Court of Common Pleas of Allegheny County, Pennsylvania, on April 19, 1966, at D.S.B. 1174 July Term, 1966, in the amount of $44,494, (including attorney's commission) with cost of suit, was purchased by Frank Proie for $5,000. On May 13, 1970, per writing filed, this judgment was assigned of record to Frank Proie. The assignment purports to have been executed on October 20, 1969, by William A. Tauskey and Margaret M. Tauskey, two of the three trustees.[2]

On March 20, 1970, the judgment of Avis Truck Rental Service, a division of Avis Rent A Car System, a corporation vs. Proie Brothers, Inc., a corporation, entered in the same Court on May 16, 1966 at No. 1934 July Term, 1966–B, in the amount of $4,997.82, with interest from May 13, 1966, and costs, was purchased by Frank Proie for $650. On May 5, 1970, per writing filed, this judgment was assigned of record to Frank Proie. The assignment purports to have been executed on March 20, 1970.

On March 24, 1970, the judgment of Graybar Electric Co., Inc., a corporation vs. Proie Brothers, Inc., a corporation, entered for want of an answer in the same court on October 10, 1966 at No. 4046 July Term, 1966–B in the amount of $1,044.39, was purchased for $468.10 by Frank G. Proie. On May 5, 1970, per writing filed, this judgment was assigned of record to Frank Proie. The assignment purports to have been executed on March 24, 1970.

On October 24, 1970, the judgment of North Side Deposit Bank vs. John Proie, Ann J. Proie entered in the same court on July 27, 1966 at D.S.B. 1419 October Term, 1966, in the amount of $3,536.91, with interest from July 20, 1966, costs

of suit and 10 percent attorney's commission, was purchased for $200 by Frank G. Proie. On October 26, 1970, per writing filed, this judgment was assigned of record to Frank G. Proie. The assignment purports to have been executed on October 24, 1970.

There is no legal or equitable objection to the bona fide purchase of a judgment for the purpose of using it as a set-off. 7 Standard Pennsylvania Practice, § 26, p. 804; 49 C.J.S. Judgments § 568, p. 1046. None of the above judgments purchased by Frank Proie have been attacked as having been purchased in bad faith,—all seem to have been validly assigned to him for valuable consideration. The plaintiffs have not raised any issue as to the power of the District Manager of Graybar to assign its judgment, nor as to the necessity of execution of the assignment of the Combustion judgment by the third Trustee. It does not appear that any proceedings have been instituted by the plaintiffs to open the confessed judgments.

The plaintiffs request the court to deny the motion to set-off for the reason that, if granted, it would result in inequity to plaintiffs' creditors and their attorneys, and because the motion was not presented within a reasonable time. We disagree, except as to the equitable interest of plaintiffs' attorneys in the judgments, hereinafter discussed.

We do not regard the motion as untimely filed. The law is well settled that a court in the exercise of its equitable jurisdiction may set-off judgments held by the judgment debtor against a judgment held by his judgment creditor. "Judgments are set against each other not by force of the statute, but by the inherent powers of the courts immemorially exercised, being almost the only equitable jurisdiction originally appertaining to them as courts of law." Ramsey's Appeal, 2 Watts 228, 230; Burns v. Thornburgh, 3 Watts 78; Freeman on Judgments, vol.

2. The assignment also appears to have been executed by G. Gray Garland, Jr.,

McCann, Garland, Ridall & Burke, Attorneys for the Trustees.

2, part V, p. 2379 et seq. (5th ed.). There is no prohibition against using for set-off purposes judgments assigned to the judgment debtor. Pierce, to Use of Snipes v. Kaseman, 326 Pa. 280, 192 A. 105; Knoller v. Everett Realty Co., 65 Pa.Super. 169.[3] Equitable set-off is a matter of discretion, but it cannot be arbitrarily denied.[4] If the court sees that injustice will be done, the set-off should be refused, but the fact that defendant purchased the judgments at less than the face of the judgment is not inequitable. 49 C.J.S. Judgments § 517, pp. 968–969.

■ At oral argument plaintiffs' counsel suggested that executions upon judgments entered by confession were enjoined in Allegheny County, and therefore the two D.S.B. judgments against John Proie and Ann J. Proie, his wife, purchased by defendant, were not available for set-off. The court requested the parties to brief the matter. The plaintiffs' brief cited as authority an Order Modifying Temporary Restraining Order issued in this District by Judge Dumbauld on June 2, 1970, at Civil Action No. 70–503. This Order specifically restrains the Sheriffs of Allegheny County and Washington County, their deputies and all other persons acting with or under them from executing upon, levying upon or selling property upon confessed judgments against all individual natural persons who are Pennsylvania residents, and who may be subject to writs of execution issued upon confessed judgments, or who have judgments entered against them by confession. They argue that to allow defendant to set-off the two confessed judgments against John Proie, the individual plaintiff, "would be to permit him to do indirectly what he cannot do directly, i. e., satisfy an alleged obligation to him by setting off judgments *which he is re-*

*strained from enforcing by execution."* (Emphasis supplied.) He also cites Brookhart v. Janis, 384 U.S. 1, 6, 86 S. Ct. 1245, 16 L.Ed.2d 314 (1966), a habeas corpus case, for the proposition that defendant has the burden of showing that the Proies "intentionally waived their constitutional rights to notice and an opportunity to be heard prior to entry of judgment." It is argued that the two confessed judgments are "at this point" invalid and unenforceable and, therefore, could not be used as a set-off. No other authority in support of this argument is cited by plaintiffs.

In this District no constitutional decision has been made relating to confessed judgments; the temporary restraining order was issued without opinion. No facts have been presented to show that Proie Brothers, Inc. and John Proie were overreached in any way in connection with the judgment entered against them at D.S.B. 1174 July Term, 1966. As the defendant points out, the restraining order by its terms is binding only upon the Sheriff and persons acting in concert and participation with him and is not binding upon the defendant. Cited by defendant is Rule 65(d), Fed. R.Civ.P.; 7 Moore's Federal Practice, ¶ 65.13, p. 1670. It is our opinion from the record before us that the confessed judgment at D.S.B. 1174 July Term, 1966, against Proie Brothers, Inc. and John Proie and Ann Jane Proie, now owned by the defendant, may be set-off against the judgments the plaintiffs have against the defendant.

### Equitable Interests of Attorneys

Plaintiffs' attorneys contend that any set-off of judgments by defendant cannot affect their interests "by virtue of its [the law firm's] charging liens to the judgments and the partial assignment of such judgments in its [the firm's] favor."[5]

3. See also, 121 A.L.R. 478, et seq.; 15 R.C.L. 823, ¶ 291.

4. Leitz v. Hohman, 207 Pa. 289, 56 A. 868; Aber's Petition, 18 Pa.Super. 110; Reed v. Smith, 158 F. 889 (D.N.J.); Skinner v. Chase, 6 Pa.Super. 279.

5. We point out that only the Proie Brothers, Inc. judgment was partially assigned by the plaintiffs to their attorneys.

On October 24, 1969, Mr. Harbaugh advised Joseph W. Conway, Esq., affiliated with plaintiffs' attorneys, that defendant was in the process of purchasing judgments against plaintiffs to be used as set-offs. (See Harbaugh affidavit, ¶ 6.) Actually, the defendant had already purchased the Trustees' judgment of $44,494 for $5,000 on October 20, 1969. Harbaugh's verbal notice to Conway was not specifically denied by Conway in his subsequent affidavit.[6]

Subsequently, on October 30, 1969, plaintiffs' undated written partial assignment to their attorneys, Suto, Power, Balzarini & Walsh, of $30,000 of the judgment in favor of Proie Brothers Inc. against the defendant was entered and docketed at Civil Action No. 67–198, and defendant's counsel was notified thereof on November 5, 1969. (See Harbaugh affidavit, ¶ 8.)

We agree with defendant that the partial assignment of this judgment to plaintiffs' attorneys was subject to the right of the defendant to set-off the $44,000 Trustees' judgment purchased by him on October 20, 1969, which was prior to notice of the assignment. Kisthardt, to Use of Puhak v. Betts, 321 Pa. 270, 183 A. 923; 49 C.J.S. Judgments § 568, p. 1047.

Notwithstanding, it is our opinion that the written assignment cannot affect plaintiffs' attorneys' equitable interests in both judgments procured by them. Those equitable interests antedate the written assignment between plaintiffs and their attorneys which was but the formal recognition of that equity by the parties concerned. It is undisputed that the lawsuit against the defendant was diligently prosecuted by Mr. Conway through trial and appeal. It is undisputed that these legal services were rendered pursuant to a contingent fee agreement providing for compensation of "40 percent of any recovery in the event of settlement or trial or 50 percent of any recovery in the event of appeal proceedings." The law firm "expended the sum of $975.70 on behalf of * * * [plaintiffs] in the preparation, trial and ancillary proceedings regarding said Civil Action No. 67–198."[7]

The deposition of John Proie indicates that in 1966 and prior thereto Proie Brothers, Inc. was in financial difficulties (see Deposition, pp. 2, 34, 41); indeed, the defendant in his brief takes the position that John Proie and Proie Brothers, Inc. were both insolvent.[8] As stated in the same brief, the writer's partner, Harbaugh, had "ascertained that there were approximately a quarter of a million dollars worth of judgments collectively against the Plaintiffs."[9]

Thus, in our opinion, upon defendant's motion for equitable set-off, the plaintiffs' attorneys should be regarded as equitable owners[10] of an interest in both of the judgments they procured for their clients to the extent of their contingent fee agreement. This interest has been also characterized by the Pennsylvania courts as a "charging lien",[11] "equitable assignment",[12] "equitable charging lien", "equitable claim",[13] "attorney's lien for services rendered in obtaining the judgment".[14] We think that when defendant presented his motion for equitable set-off, the right of plaintiffs' attorneys to an equitable interest attached to the judgments in the

6. The Harbaugh affidavit was filed July 13, 1970, accompanying defendant's original brief. Conway's affidavit was not filed until December 30, 1970, long after his original brief was received on July 29, 1970.

7. Affidavit of Edward J. Balzarini, Esq. attached to plaintiffs' brief received on June 29, 1970.

8. Defendant's brief, p. 8, received on June 12, 1970.

9. Id., p. 2.

10. McKelvy's and Sterrett's Appeals, 108 Pa. 615.

11. Harris's Appeal, 323 Pa. 124, 186 A. 92.

12. Patten v. Wilson, 34 Pa. 299.

13. Recht v. Clairton U. Red. Auth., 402 Pa. 599, 168 A.2d 134; Aber's Petition, 18 Pa.Super. 110.

14. Aber's Petition, supra.

same manner as it would to a fund in court upon execution or otherwise applicable for distribution. Jones v. Pittsburgh, 157 Pa.Super. 528, 43 A.2d 554.

Set-off is a form of payment. The right to set-off one judgment against another is, more properly, the right to pay and satisfy one judgment by another. Since a judgment creditor cannot levy on a judgment against himself, set-off is the appropriate remedy and a motion to obtain a set-off is tantamount to a levy. Similar to a levy, a motion to set-off is the initial step in obtaining satisfaction of a judgment. Cf. Pierce, to Use of Snipes v. Kaseman, 326 Pa. 280, 192 A. 105. A judgment to be paid in whole or in part by set-off is tantamount to a fund paid into court for distribution.

In executions distribution of the fund involved is made according to law and equity.[15] Thus, we think, similar principles apply in set-off situations, and the plaintiffs' judgments are to be treated in the same manner as a fund in the grasp of a court of equity.

Defendant cites Syme v. Bankers N. Life Ins. Co., 400 Pa. 74, 161 A.2d 29, and Recht v. Clairton U. Red. Auth., 402 Pa. 599, 168 A.2d 134, for authority that in Pennsylvania an attorney has no lien upon a judgment recovered by him in a common law action. This is certainly correct, but as pointed out in Recht, an attorney does have a "charging lien" where there is a fund in court or otherwise applicable for distribution on equitable principles.

As stated, we think a judgment procured by an attorney who must look to the payment of that judgment for his compensation may be equated to a fund produced by his legal efforts when a set-off is attempted by the defendant in the judgment. Both the judgment and the fund are in the grasp of a court of

equity; both should be distributed according to equitable principles. A court of equity is competent to dispose of every question connected with the judgments to be paid by set-off. The allowance of counsel fees has always been under the control of the chancellor in equity.

In Burns v. Thornburgh, 3 Watts 78, the plaintiff assigned a part of his judgment to his attorneys for their fee. The defendant purchased a judgment against the plaintiff, and on motion, the plaintiff's judgment was set-off against so much of defendant's judgment. A rule to show cause why the set-off should not be set aside was made absolute to the extent of the amount transferred to the attorneys for their fees. The protection thus afforded the attorneys by the equitable power of the court pursuant to its discretion was sustained by the Supreme Court.

In Patten v. Wilson, 34 Pa. 299, a contingent fee agreement between attorney and client was held to operate as an equitable assignment and good against an attaching creditor upon equitable principles.

In Jones v. Pittsburgh, 157 Pa.Super. 528, 43 A.2d 554, the plaintiff, through services of his attorney, procured a judgment against the City of Pittsburgh. The City Controller attempted to set-off delinquent taxes of the plaintiff against the judgment. Plaintiff's attorney procured a rule to show cause why his contingent fee should not be paid prior to the application of any recovered money to delinquent taxes due the City. It does not appear that plaintiff had anything more than a judgment against the City which the Court, when a set-off was requested, treated as a fund. It was held that whether the attorney's fee be considered a "charging lien" or an "equitable assignment", Patten v. Wilson, supra, it was prior in time to that of the City's right of set-

---

15. McKelvy's and Sterrett's Appeals, 108 Pa. 615; Appeal of Atkinson, 8 Sadler 292, 11 A. 239; Turtle Creek Bk. & Tr. Co. v. Murdock, 150 Pa.Super. 277, 28 A.2d 320.

off. The court quoted from Harris's Appeal, 323 Pa. 124, 128, 186 A.2d 94:

"If a principle in law or equity can be found to sustain an award of reasonable counsel fee and costs to the owner's attorney, who litigated the * * * dispute and whose services helped produce the fund, it ought to be applied."

In Aber's Petition, 18 Pa.Super. 110, the Court seems to recognize by way of dictum that attorneys have an "equitable claim" for services rendered in obtaining a judgment, which claim is an equity superior to the right of set-off.

In Higgins v. Dunkleberger, 9 Pa. Dist.R. 91, Judge Marr held that "an attorney's lien cannot be prejudiced by an attempt to set off one judgment against another."

In Turtle Creek Bk. & Tr. Co. v. Murdock, 150 Pa.Super. 277, 28 A.2d 320, *supra,* Judge Baldridge cited with seeming approval the statement in 7 C. J.S. Attorney & Client § 228:

"The judgment, which has been procured by the efforts of an attorney while acting on behalf of his client, is, primarily, the subject matter of a charging lien in favor of such attorney."

We believe this quotation to be good law in Pennsylvania when a fund has been created, or, as here, a motion is made to pay the judgment so procured by way of set-off.

It would be an injustice to turn over the fees for the services rendered by the attorneys for the plaintiffs to the defendant, their opponent, whom they had defeated in a difficult and expensive trial and appeal. Likewise, it would be a wrong to the plaintiffs, if they were insolvent as the defendant contends, by refusing to protect their attorneys' equitable interests, and thus prevent them from obtaining the services of attorneys to enforce a rightful claim. We hold that the attorneys for plaintiffs are en-titled to equitable interests to the extent of 50% of each judgment they procured in favor of plaintiffs, together with costs.

An appropriate order will be entered.