## Hammer v. Crain Brothers, Inc.

*Paul L. Hammer, pp.*, for plaintiff.
*John R. McGinley*, for defendant.

FINKELHOR, *J.*, April 4, 1979—The above action in assumpsit by plaintiff attorney, Paul L. Hammer, Esq., for the collection of counsel fees, came before the court on the preliminary objections of defendant, Crain Brothers, Inc., in the nature of a demurrer, and the alternate motion of plaintiff for summary judgment.[1]

---

1. Counsel submitted an agreed statement of facts and waived any procedural defects with the intent that if preliminary objections were dismissed, this matter be decided as a "case stated."

The issue, one of first impression, is whether an attorney is entitled to counsel fees from an adverse party where the judgment against said adverse party is reduced by virtue of a prior settlement between the attorney's client and a third party.

The present litigation arose from an accident at the Pittsburgh & Lake Erie Railroad Company's (P&LE) Colonna Coal Dock on the Ohio River, in which plaintiff's client, one Chester Dobbins, a member of the railroad's river crew, was injured while working on a barge owned by Crain Brothers, Inc. (Crain).[2]

The injured workman and initial plaintiff Dobbins, represented by present plaintiff, attorney Hammer, commenced a suit in admiralty against his employer, Pittsburgh & Lake Erie Railroad in the District Court for Western Pennsylvania. A settlement was negotiated on January 3, 1975, in favor of Dobbins for the amount of $85,000 and a release as to P&LE was signed. Crain was not a party to the settlement agreement and Dobbins' claim against Crain was preserved. See Dobbins v. Crain Bros., Inc., 432 F.Supp. 1060, 1071-72 (W.D.Pa. 1976). In addition, the Federal District

---

2. Despite the fact that Dobbins' claim was tried in Federal court, the present parties elected to bring this action in assumpsit in the state courts. While defendant has not raised this issue, the court questions why the matter of attorney's fees was not presented to the Federal District Trial Court in the initial litigation. While we believe that the common pleas court has jurisdiction to consider this matter as an action in assumpsit, it lacks the special knowledge of the background litigation which gave rise to this suit: Johnson v. Stien, 254 Pa. Superior Ct. 41, 385 A. 2d 514 (1978).

Court awarded to attorney Hammer a fee of $21,500 as his share of the settlement recovery. (Agreed Statement of Facts #3).

Thereupon, Mr. Dobbins, again represented by plaintiff, filed suit in admiralty against defendant Crain Brothers on the legal theories of the unseaworthiness of the barge and the provisions of the Federal Jones Act of March 4, 1927, 44 Stat. 1424, as amended, 33 U.S.C.A. §901 et seq.[3] Crain interpleaded the P&LE for the purposes of indemnification and/or contribution: 33 U.S.C.A. §905.

The matter went to trial and the jury returned a verdict in the total amount of $320,000 against defendant Crain. As a result of special interrogatories relating to comparative negligence, the jury further found that Dobbins was 25 percent at fault and that, as between Crain and the railroad employer, P&LE was 75 percent at fault and Crain was 25 percent at fault. On the motion of defendant Crain before the district court, the judgment was amended to reduce the Dobbins' recovery by 25 percent, to reflect the finding of comparative negligence, i.e., $240,000. The court further reduced the judgment against Crain to $155,000 to reflect the prior settlement between Dobbins and P&LE; Dobbins v. Crain Bros., Inc., supra; and the district court awarded present plaintiff Hammer counsel fees in the amount of ⅓ of the reduced judgment of $155,000.

On appeal, the third circuit affirmed the judgment against Crain in favor of Dobbins but, based

---

3. The district court directed a verdict for Crain Brothers on the Jones Act issue.

upon the language of the prior settlement agreement and sections of the Longshoremen's Act,[4] found that P&LE was not a joint tortfeasor vis-a-vis Crain. However, the court adopted the reduction in judgment ordered by the district court and credited the prior settlement between P&LE and Dobbins against the verdict awarded Dobbins.

The court stated at page 566 as follows: "However, if plaintiff is allowed to recover $240,000 in this case, he will have recovered twice for his injuries, at least to the extent of $85,000. . . . [W]e are satisfied that, in the exercise of our equitable powers, no barrier exists to our requiring that any amount which Dobbins was paid in settlement for the same injuries be credited to any award against Crain. There is no reason why Dobbins should be entitled to a double recovery." Dobbins v. Crain Bros., Inc., 567 F. 2d 559, 566-7 (3d Cir. 1977).

It was the court's further opinion that, under existing Federal law, there is "a clear policy against double recovery by the longshoremen." 567 F. 2d at p. 567.

The reduction of the judgment against Crain was opposed by plaintiff Hammer at both the trial and the appellate levels. (Agreed Statement of Facts #5).

---

4. "[1] Under §5 of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §905 (1970) [LHWCA], the stevedore-employer of an injured longshoreman or harbor worker is immune from all tort liability. The employee's exclusive remedy against his employer is compensation under the Act. However, the longshoreman, if injured on a vessel or by a vessel's equipment, has a cause of action against the vessel owner based on the vessel's unseaworthiness. Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946)." 567 F. 2d 559, 562-3.

## POSITION OF THE PARTIES

Based upon the above brief summary of the prior litigation, it is plaintiff's position that the reduction of the judgment against defendant Crain in the amount of $85,000 was a result of plaintiff's representation of Dobbins in the earlier settlement against P&LE. Plaintiff alleges that defendant Crain has secured the benefits of that settlement and that therefore plaintiff is entitled to a reasonable counsel fee, plus interest from May 14, 1976, the date of the judgment.

It is defendant Crain's position that the opinion of the third circuit barring a double recovery of damages to Dobbins is equally applicable to counsel for Dobbins. It is Crain's further argument that, at all times, the interests of Crain were adverse to and opposed by plaintiff Hammer.

## DISCUSSION

We agree with Judges Knox, Teitelbaum and Friendly that this area of admiralty law is "riddled with a 'byzantine maze of exceptions,'" 432 F. Supp. 1061, and produces neither fish nor fowl. To superimpose on this maze, the fragmented Pennsylvania rulings on recovery of attorney fees from third parties under the doctrine of "unjust enrichment" is to compound the confusion.

There is no question that, as a matter of fact, the liability of defendant Crain was reduced by the amount of the prior settlement of Dobbins and P&LE. There is also no dispute that attorney Hammer has received attorney's fees on the $85,000 settlement made with the prior defendant P&LE.

It is well settled in Pennsylvania law that where

the services of an attorney are instrumental in the creation or preservation of a fund which inures to the benefit of not only his client but others, he may be allowed counsel fees from the fund so created: 1 Standard Pa. Pract., §244, 291; Schwartz v. Keystone Oil Co., 164 Pa. 415, 30 Atl. 297 (1894). See also Sprague v. Ticonic Nat. Bank, 307 U.S. 161 (1939); Dawson, Lawyers and Involuntary Clients: Attorney Fees From Funds, 87 Harvard Law Rev. 1597 (1974). Based on the theory that an attorney is entitled to be paid out of a fund which is created as the result of his individual labor and skill, compensation has been permitted out of funds which have been engendered through the attorney's efforts: Jones v. Pittsburgh, 157 Pa. Superior Ct. 528, 43 A. 2d 554 (1945). In addition, a judgment which is paid by the set-off of another judgment has been treated in the same manner as a fund produced by litigation: Proie Bros., Inc. v. Proie, 323 F. Supp. 503 (W.D.Pa. 1971). Similarly, where one joint tortfeasor, in settling a case with an injured plaintiff, extinguishes the liabilities of the other joint tortfeasors, attorney's fees have been assessed on a pro rata basis against the non-litigants: Caldwell v. Keystone Ins. Co., 212 Pa. Superior Ct. 379, 243 A. 2d 448 (1968); Furia v. Phila., 180 Pa. Superior Ct. 50, 118 A. 2d 236 (1955).

In Furia, supra, the court quoted from Harris's Appeal, Jacoby's Appeal, 323 Pa. 124, 186 Atl. 92 (1936), as follows:

" ' "One jointly interested with others in a common fund and who in good faith maintains the necessary litigation to save it from waste and destruction and secure its proper application, is entitled, in equity, to reimbursement of his costs . . . , either out of the fund itself, or by proportional

contribution from those who receive the benefits of the litigation." ' " 180 Pa. Superior Ct. 50, 55.

It is equally well established in this Commonwealth that there can be no recovery for counsel fees from adverse parties in the absence of either an express statutory allowance or a clear agreement by the parties: Corace v. Balint, 418 Pa. 262, 210 A. 2d 882 (1965).

However, a distinction must be made between those cases where attorneys' fees are assessed against an adverse party for punitive reasons: Corace v. Balint, supra; and those instances where the plaintiff attorney is seeking compensation for services indirectly rendered to a party not his client. In addition, there is also a difference between prorating the fee among a number of litigants and those cases where the assessment of the attorney's fee against a third party permits a double recovery to the attorney.

Probably the case closest in point to the instant litigation is Gold Star Service, Inc. v. Workmen's Comp. Appeal Board, 21 Pa. Commonwealth Ct. 1, 342 A. 2d 459 (1975). In Gold Star, the claimant-employe, one Tullio, had recovered against a third party in a trespass action. There was no agreement between the employe and his attorneys to limit attorneys' fees to the amount of the net recovery in the trespass action. Thus, even though there was a subrogation claim by the employer Gold Star, the employe paid attorneys' fees on the total trespass award to equal 42.9 percent of net recovery. The attorney then received an additional fee from the employer upon the moneys recovered under the subrogation claim. When it was subsequently determined that the entire amount of the trespass

award would be subrogated to the employer Gold Star, the Commonwealth Court directed that the employer reimburse the employe for all fees paid by said employe.

The court quoted from Long v. Marino Masse, Inc., 205 Pa. Superior Ct. 344, 350, 208 A. 2d 920, 923 (1965), as follows: "The theory of subrogation is that the employer is entitled to credit in compensation payments for the fund created by the third-party suit but must pay in this case, the full amount of the costs creating that fund."

However, while the court assessed attorneys' fees on the employer for subrogation benefits received, these fees were *not* awarded to the attorney, but, in fact, were reimbursed to the employe. Under this rationale, if defendant Crain were "unjustly enriched" by the set-off of the settlement, the beneficiary would not be counsel, but the client Dobbins.

We do not question the skill with which attorney Hammer handled the instant litigation. There is no question that the decision to bring two separate suits was to his client's benefit. There is also no question that the third circuit decision to bar a second recovery to the injured party Dobbins resulted in a reduction in the liability of the defendant Crain. However, at no time did attorney Hammer represent the interest of the defendant Crain. This was not a case of an attorney representing the rights of the subrogee, but rather the various motions of Crain, to reduce the judgment, were opposed by attorney Hammer. It could be stated that the Crain judgment was reduced in spite of attorney Hammer's efforts, and not because of those efforts.

As stated in the Restatement, Restitution, §106: "A person who, incidentally to the performance of

his own duty or to the protection or improvement of his own things, has conferred a benefit upon another, is not thereby entitled to contribution."

We are further persuaded by the opinion of Judge Garth in the third circuit appeal in this matter as to the equitable policy under the Longshoremen's Act against double recovery. See also Billiot v. Sewart Seacraft, Inc., 382 F. 2d 662 (5th Cir. 1967). We do not see how a policy against double recovery for the injured worker can be ignored to permit double recovery of fees by the attorney for said workman.

Thus, we can find no support in either Federal or Pennsylvania law to support the plaintiff's position that he is entitled to attorney's fees for the subsequent reduction in judgment ordered by the circuit court. If such fees were to be awarded, determination should have been made by the trial court on the basis of circumstances peculiar to the background litigation. In the absence of such a finding by the trial court of unusual circumstances, we fail to see a cause of action under general legal principles.

Based upon the above discussion, the preliminary objections of defendant are sustained and an appropriate order is attached hereto.

## ORDER

And now April 4, 1979, upon preliminary objections in the nature of a demurrer of defendant Crain Brothers, Inc., and the alternate motion for judgment on the pleadings of plaintiff Paul Hammer, and after full consideration of the stipulated facts, arguments and briefs of counsel, it is hereby ordered, adjudged and decreed that said prelimi-

nary objections in the nature of a demurrer are sustained and judgment shall be entered in favor of the defendant.

It is further ordered that plaintiff's motion for summary judgment is denied.

